## HERSHLER *et al.* v. REYNOLDS *et al.*

1. **Principal and surety: DISCHARGE: CONSENT.** Any act of the creditor which entitles the principal to claim, for any time, an exemption from performance, will work a discharge of the surety. But the surety will not be discharged, on the ground that time was given to the principal, if given with the surety's consent, or if he subsequently affirm the same.

2. ——— **JUDGMENT.** And these rules apply, not only to obligations resting in ordinary contract, but are to be enforced after the contract has passed into a judgment. *Chambers* v. *Cochran & Brock*, 18 Iowa, 159.

3. ——— **SURETIES IN REPLEVIN BOND.** Under section 3554 of the Revision of 1860, the sureties in a replevin bond, by signing the same, consent and agree that any judgment for money that may be adjudged against their principal, may be rendered against them also.

4. ——— **DURING PENDENCY OF SUIT.** During the pendency of the replevin suit, the sureties in the replevin bond are treated as in court, and in the absence of exceptional circumstances, are not entitled to any other day.

5. ——— **JUDGMENT.** Being thus treated as in court, and not objecting, they are concluded by a judgment or order, to which the principal consents, settling and fixing the rights of the parties.

6. ——— Hence, if the principal consents to a judgment against him on condition that execution be stayed for a time, and the court orders a judgment accordingly, the sureties are alike bound with the principal.

*Appeal from Lee District Court.*

TUESDAY, APRIL 16.

REYNOLDS and others obtained several judgments against John Stannus. Executions issued thereon were

levied on a stock of goods, which was afterward taken from the sheriff, under a writ of replevin, issued at the suit of Sarah Stannus, who claimed the same in her own right. The replevin bond was signed by the present plaintiffs, Hershler, Jackson and Delashmutt as sureties for said Sarah. Pending this action, George C. Anderson and Reynolds, two of the judgment creditors, were allowed to intervene. Delashmutt, one of the sureties on the bond, claiming that the judgment in favor of the other two creditors, Hamilton, and Durkee & Co., had been assigned to him, was also allowed to intervene.

The case was called for trial, and judgment entered as follows:

"Sarah Stannus  
*v.*  
"Israel Anderson *et al.*

"This day this cause came up for hearing, and a jury was impaneled, Gibson Brown, J. H. Craig, and F. Semple appearing as attorneys for plaintiffs; R. H. Gilmore for intervenor, R. M. Reynolds; Rankin & McCrary for intervenor, George C. Anderson; Daniel F. Miller for intervenor, William A. Delashmutt; and R. H. Gilmore and Rankin & McCrary for defendant, Israel Anderson, the sheriff. Thereupon the parties, through their attorneys, answered that the case had been settled. Intervenor Delashmutt then withdrew his petition and claims. In accordance with the terms of settlement and the agreement of the parties, made in open court, it is ordered and adjudged that intervenor R. M. Reynolds, have and recover of Sarah Stannus, the plaintiff, and Christian Hershler, J. D. Jackson, and William A. Delashmutt, the sureties on the bond, the sum of (stating the amount); and it is further ordered that the intervenor George C. Anderson recover of said Sarah Stannus,

Christian Hershler, J. D. Jackson and William Delashmutt, the sureties on said bond, the sum of, etc. (stating the amount.) It is further ordered that the parties respectively pay their own costs. This judgment settles the claim of the two intervenors, and their respective judgments against John Stannus are to be satisfied of record. It is further ordered that execution be stayed twelve months."

This was December 21, 1865, and on the same date in 1866, this bill was filed, claiming that said judgment was extended and time given to the principal, without the plaintiffs' knowledge or consent, whereby they were released; wherefore they ask an injunction, etc. Issue was duly joined, and, upon the final hearing, the bill being dismissed, plaintiffs appeal.

*Gibson Brown* for the appellants.

*R. H. Gilmore* and *Rankin & McCrary* for the appellees.

WRIGHT, J.—There is a large amount of testimony in the record, which, however, it is unnecessary to refer to in detail. The parties, not differing much, if any, as to the rule governing the rights of sureties when time is given by the creditor to the principal without the knowledge or consent of the sureties, contest its application to the facts of this case.

The bond was conditioned in the ordinary and required form '(Rev., § 3554), and was duly approved and filed. This section also declares that such a bond is for the use of any person injured by the proceeding, and that a judgment for money recovered against the plaintiff shall go against the sureties on the bond.

The law is that any act of the creditor by which he precludes himself from demanding performance of the
1. PRINCIPAL
AND SURETY:
discharge:
consent.
principal, or entitles the latter to claim for any time an exemption from performance, will inure as a discharge of the liability of the surety. 2 Lead. Cas. in Eq., 380, and the many cases there cited. Of course, if the security relies upon an agreement, it must be a valid one; one founded upon a sufficient consideration. No legal proposition can be regarded as better settled. But it is just as well settled that the surety will not be discharged, if time is given with his consent, or if he should subsequently affirm the same. 2 Lead. Cas. in Eq., 363, and authorities.

These rules, too, though applicable more particularly to obligations resting in contract merely, are still to be
2. —— judg-
ment.
observed and enforced after the contract has passed into judgment. This is the decided current of the recent decisions (Lead. Cas., *supra*, 385), and has been so ruled in this State. *Chambers* v. *Cochrane*, 18 Iowa, 159, and cases there cited.

In this case there was a judgment; and the claim is, that, as a part of the terms of settlement, and as a condi-
3. —— sure-
ties in replev-
in bond.
tion thereto, stay of execution was given without the consent of the sureties. Recognizing in all their weight the rules above stated, our views of this case may be briefly stated.

By our law the sureties in a replevin bond must be treated as in court. It is a part of their undertaking that they will pay all costs and damages which may be adjudged against their principal; and they, by signing the same, covenant and agree that a judgment for money against the principal shall be rendered also against them.

The defendant in replevin, instead of, as formerly, being put to the costs and delay of an action upon the bond, if

4. —— during pendency of suit. he succeeds, is entitled to judgment at once. And this the sureties consent to, without petition or other notice. The jurisdiction of the court over them for this purpose, its power to render the judgment, is undoubted and undeniable. In the absence of exceptional circumstances, they are not entitled to any other day in court. Thus, in the absence of fraud or collusion between their principal and the defendant, or some like equitable circumstance, they will be concluded by the amount of the judgment, by the line adopted in the prosecution of the case; and whether their principal is delinquent or negligent in the prosecution of his demand, cannot, after judgment, avail them.

And while we do not say that they are concluded by every agreement or arrangement which may be made in 5. —— judgment. relation to the case, and especially where made after judgment (a point not necessary now to determine), we are of the opinion that, being in court, if, by its judgment, an order is made settling and fixing the rights of the parties, without objection on their part, they are concluded by it. In other words, if their principal consents to judgment, and the order follows, they are concluded. If he consents upon condition that time is given, and the court orders the judgment giving the time, they are alike bound. This seems to us to accord with the provisions of the statute and not to contravene the rights of the surety.

Equity, we admit, will guard the rights of the surety; and still, the obligations he assumes must not be overlooked. Nor must we loose sight of the creditor's rights; nor, again, forget, in the case supposed, that the parties are before the court, invoking its action, and to be bound by its orders. It is not as though, *after* judgment, the creditor should voluntarily, upon a valid agreement, give time to the principal; for then the sureties can no

longer be regarded as in court. Nor, we may be allowed to say, is it like the case, where the agreement for time forms no part of the judgment of the court. The order for time is as much a part of the judgment as that which finds for the creditor. The right and power of the court to make such an order is as clear, in the absence of objection by the surety, as to enter the judgment. It is but an incident, a consequence following the judgment in the particular case. And we do not see why the sureties might not as well claim that they were entitled to relief because the principal allowed judgment to go for too much, or did not contest the case sufficiently, or upon some other similar ground. In a word, they are in court, do not object, and are therefore estopped.

Then, again, the principal would have been entitled to to a stay of execution for the full time given in this instance, by entering into a recognizance as provided in section 3293, Revision, unless the sureties had objected *at the time* judgment was rendered (§ 3300); and the very time which he might have thus obtained is ordered by the court, while the parties are all before it—the sureties as well as the principal—and that, too, without objection. And as they could not afterward object in the one case, neither can they in the other.

These views render it unnecessary to consider whether the claim of Delashmutt to be discharged, is not even more untenable upon the facts than that of his co-sureties. And yet we may say, in conclusion, that, under the testimony, we cannot resist the conviction that he was, in legal contemplation, so in court, by an actual appearance (not in person, but by attorney) as equitably to still more effectually conclude him.

Let the judgment be                    Affirmed.