## ROBERTS v. RICHARDSON.

1. **Surety**: DISCHARGE OF: PROMISSORY NOTE. A valid agreement between the maker and payee of a promissory note, extending the time of payment, without the assent or concurrence of the surety, operates to discharge him, whether he has thereby suffered prejudice or not.

2. ———: PLEADING: ESTOPPEL. When the only issue was the existence of an agreement between the payee and the maker of a promissory note, extending the time of payment, the court properly refused to instruct the jury that, if the payee had informed the surety that he had extended the time of payment, he was estopped from afterwards denying it.

3. ———: DISCHARGE OF: CONSIDERATION. To operate as a discharge of a surety, an agreement extending the time of payment must be founded upon a sufficient consideration.

*Appeal from Wapello District Court.*

THURSDAY, SEPTEMBER 24.

THIS action is at law on a promissory note as follows:

"$200.   EDDYVILLE, JULY 3d, 1868.

"On the 20th day of August, after date, we promise to pay to the order of L. Roberts, Two Hundred Dollars—interest at the rate of ten per cent., value received. Payable at .....

C. S. HUITT, *Principal*,
J. M. RICHARDSON."

The cause was tried to a jury who rendered a verdict for plaintiff, on which the court gave judgment. Defendant appeals.

*H. B. Hendershott* and *R. W. Boyd*, for appellant.

*Fast & Conley*, for appellee.

MILLER, CH. J.—The defendant, Richardson, in his answer, admits the making of the note sued on, and alleges as a defense thereto that he was surety only on the note, having received no part of the consideration, of which plaintiff had knowledge; that on or about the time the note became due,

the plaintiff, by a contract with Huitt, the principal, extended the time of payment without the knowledge of Richardson; that at the time of the said extension of time, Huitt was solvent, but was insolvent at the commencement of this suit; that the defendant, Richardson, forbore giving notice to Roberts to bring suit on the note on account of the said extension having been given.

I. The first error assigned by appellant is the refusal of the court to allow the defendant, Richardson, to show " the financial condition of Huitt, September, 23d, 1873." Appellant's abstract does not show that he took any exception to this ruling either at the time or afterwards, but if it did, there was no error in the ruling, for it was not necessary to appellant's defense to show that he had sustained injury by an extension of time of payment to the principal on the note. A valid agreement by which the time of payment of a note is extended to the principal, without the assent or concurrence of the surety, operates of itself to discharge the surety. *Hershler v. Reynolds*, 22 Iowa, 152; and it would not make any difference whether such extension of time operated to the prejudice of the surety or not. The discharge would be complete without showing any prejudice.

*1. SURETY : discharge of promissory note.*

II. The defendant, Richardson, asked the court to give the following instruction to the jury:

" If the plaintiff, Roberts, informed defendant, Richardson, that he had extended the time of the payment of the note to Huitt, and Richardson believed the statements to be true, and acted on that information to his prejudice, then the plaintiff, Roberts, is estopped to now deny that he extended the time of payment." This was refused, and this ruling is the second assigned error. There was no error in this ruling. There was no basis in the pleading for the giving of the instruction. No such defense was pleaded. The only defense pleaded was the discharge of the surety by reason of an alleged agreement to extend the time for payment of the note to the principal maker. No estoppel is pleaded. The fact that plaintiff had informed the appellant that he had extended the time of payment on the note to Huitt, was

*2. ——: pleading : estoppel.*

Roberts v. Richardson.

proper to be considered by the jury in determining the *fact* of the agreement of extension alleged in the answer, but under the issue made by the pleadings it could not operate as an estoppel upon the plaintiff as claimed in the instruction. No such defense had been pleaded.

III. Appellant assigns as error the giving of the charge of the court, but no specific objection is urged to any particular

3. ——: dis-charge of: considera-tion.

part thereof in appellant's argument. The court, among other things, charged the jury, in substance, that the affirmative of the issue was on the defendant; that unless the alleged agreement for an extension of time for payment of the note was supported by a valuable consideration in addition to the original consideration for the note, the surety would not be discharged.

There was no error in the charge in these respects. The appellant had admitted the making of the note, and set up an affirmative defense thereto, which, of course, cast the burden of proof upon him.

The law is also well settled that if the surety relies upon an agreement to give time to the principal, it must be a valid one, one founded on a sufficient consideration, for it is only where the creditor, by his act or contract, has precluded himself from demanding performance of the principal, or entitles the latter to claim for any time an exemption from performance that the surety will be discharged, and the principal cannot claim such exemption under an agreement not based upon a valuable consideration. *Hershler v. Reynolds, supra.* Leading Cases in Equity, Vol. 2, Part 2, 383, 384. Hence a mere promise of forbearance on the part of the creditor will not operate as a discharge of the surety, if it want any of the characteristics necessary to make it effectual as a contract, and render it legally binding.

We find no error in the record and the judgment will be

AFFIRMED.