LAMBERT v. SHITLER ET AL.

1. **Surety:** DISCHARGE OF BY EXTENSION OF TIME THROUGH COMPOSITION WITH CREDITORS. Where plaintiff and other creditors of the principal debtor for a valuable consideration entered into an agreement with the latter, whereby they agreed, on certain terms therein named, to discount their claims, and such agreement involved an extension of time upon plaintiff's demand, *held* that by such agreement the surety, who did not consent thereto, was discharged.

*Appeal from Johnson District Court.*

FRIDAY, OCTOBER 19.

THE plaintiff, as sole heir of John Lambert, deceased, brings this action to recover the balance of a note for $850, due June 16, 1876, executed to John Lambert by Christain Shitler and Joseph Shitler. The defendant, Joseph Shitler, for answer alleges that he was merely a surety upon the note, and that in the month of May, 1877, after the note became due, John Lambert, for a valuable consideration, extended the time on said note to Christain Shitler, the principal thereon. The answer further alleges that on the 20th day of March, 1877, Christain Shitler, the principal on said note, having absconded, action was instituted in the name of John Lambert against Christain Shitler for the protection of this defendant as surety, and a writ of attachment was levied upon the property of Christain Shitler not exempt from execution,

more than sufficient to satisfy said debt, and that, for a new and valuable consideration moving from Christain Shitler to said Lambert, he, without the concurrence of this defendant, released and discharged said attachment, whereby this defendant was discharged from any further liability upon said note. The cause was tried to the court, and judgment was rendered in favor of the plaintiff. The defendant, Joseph Shitler, appeals.

*Boal* and *Jackson*, for appellant.

*S. H. Fairall*, for appellee.

DAY, CH. J.—The material facts of this case are as follows: Joseph Shitler was a mere surety upon the note in question, and that fact was known to the payee, John Lambert. On the 20th of March, 1877, Joseph Shitler procured his attorney, S. M. Finch, Esq., to commence in the name of John Lambert an action against Christain Shitler on said note, and on the same day caused an attachment to be levied upon two hundred and ninety acres of land, worth from $40 to $45 per acre, forty acres of which was the homestead of Christain Shitler. There was a mortgage upon this property for about $4,500, and prior attachments for the amount of $5,724.73, and one levied concurrently with the attachment in question for $1,000. On the 20th day of May, 1877, John Lambert and twenty-one other attaching creditors of Christain Shitler entered into an agreement with him as follows: "Whereas Christain Shitler is largely indebted to various persons, largely beyond his ability to liquidate the same, he being willing, however, to turn over all his property for the liquidation of the said indebtedness, save and except a small portion of his property which we have all agreed that he should retain, and whereas certain of his friends have agreed to answer a large portion of his indebtedness for him, in consideration of the transfer of his property to persons in trust, to be used by them in the liquidation of said indebtedness, now, therefore,

we, the subscribers, creditors of the said Christain Shitler, in consideration of the.agreements aforesaid, do hereby bind ourselves that, in order to carry out said agreement, we and each of us hereby agree to discount ·the claims we hold· against said shitler in the amount we each affix to this agreement. And, in consideration hereof, we do further agree to release and discharge the said Shitler in full, upon the payment to us of the amount of our respective claims, in cash or approved notes, less the discount.herein specified in this agreement; it being hereby understood that all the property and avails of said Shitler, and the amounts subscribed by his friends, are to be placed in the hands of trustees, to be by them turned into money or secured notes, and paid over to us *pro rata*, as fast as the proceeds can be so converted by said trustees into money; and as soon as our respective amounts are so paid over and liquidated, as above provided, we then will each respectively execute a receipt in full to said trustees for said Shitler, thereby releasing him from any further demand by us by reason of his indebtedness to us as aforesaid. And it is hereby agreed and expressly understood that, when the terms of this agreement are fully carried out, all persons who are sureties of the said Shitler are hereby also released from any liability thereon, by reason of this agreement hereby entered into. It is hereby agreed, also, that all creditors or sureties having commenced suit against said Shitler, either by attachment or otherwise, shall receive costs incurred in said suits. We further agree that, in addition to the discounts made below, we will rebate.the interest for nine months, ·unless the money is sooner realized for payment of these claims. And it is further agreed that any legal proceedings that may have been commenced by us against the said Shitler, or his property or sureties, will be dismissed by us, respectively, who have commenced the same."

Here follow the names of the various creditors, including the name of John Lambert, with the amounts they had agreed to discount their claims. When the agreement was

called to the attention of the court, all the attachment suits were dismissed, the following entry being made: "And it further appearing that, under said agreement, deeds for the lands of Christain Shitler have been made by said Shitler and wife to said trustees, the said suits are severally dismissed, and the attachments levied on said lands are released, the same being done by mutual agreement of parties." S. M. Finch, the attorney who commenced the suit of *Lambert v. Christain Shitler*, was present, and stated that if this agreement dismissed the cases they ought to be dismissed.

It is insisted by the appellant that this agreement operated to extend time to the principal, and that the surety is thereby discharged. The agreement was supported by the consideration that Lambert agreed to turn over exempt property, and his friends agreed to answer a large portion of his indebtedness. What, then, was the legal effect of this agreement? Could Lambert, after having entered into the agreement, have employed ordinary remedies for the collection of his debt? He entered into the agreement in connection with twenty-one other attaching creditors. In this agreement, all of the creditors stipulate that all the property of Shitler, and the amounts subscribed by his friends, shall be placed in the hands of trustees, and turned into money, and paid over *pro rata*, as fast as the proceeds can be converted into money. The parties further agree to rebate the interest for nine months, unless the money is sooner realized for payment of the claims; from which it appears that the parties contemplated nine months as probably necessary to convert the property into money and pay upon the claims. Now, it is evident, we think, that Lambert could not have proceeded by ordinary suit, and the sequestration of the property of Shitler, without violating the terms of this agreement. The agreement, it is to be observed, covers all the property of Shitler, except a small portion which the creditors agreed he should retain. If Lambert, notwithstanding the agreement, had a right to sue, and appropriate a portion of Shitler's property, all the

other creditors had the same right. But it is evident that an exercise of this right by all the creditors would utterly defeat the agreement. The agreement cannot subsist consistently with the right of the creditors to avail themselves of the ordinary processes for the collection of their debts. The agreement, therefore, suspended the right of successful suit, and operated as an extension of time to the principal debtor. It is not necessary to the discharge of the surety that there should be an express agreement to extend time to the principal. It is sufficient if that is the necessary effect of the agreement entered into. Brandt on Suretyship, § 304; *Brooks v. Wright*, 13 Allen, 72; *Hershler v. Reynolds*, 22 Iowa, 152; *Perry v. Armstrong*, 39 N. H., 583. The agreement entered into between Christain Shitler and his creditors, in our opinion, suspends the right to enforce their claims by suit until the property turned over to the trustee could be converted into money and applied *pro rata* upon the debts; and the surety, we think, was by this agreement discharged. See Brandt on Suretyship, sections 296 and 304; *Ducker v. Rapp*, 67 N. Y., 464; *Bonney v. Bonney*, 29 Iowa, 448; *Bangs v. Strong*, 7 Hill, 250; *Rupert v. Grant*, 6 Smedes & M., 433. The judgment is

REVERSED.