LAMBERT v. SHETLER ET AL.

1. **Surety:** DISCHARGE OF BY EXTENSION OF TIME: KNOWLEDGE AND CONSENT. Granting an extension of time to the principal on a note will discharge the surety, unless he consents to such extension; but a mere knowledge of the extension, without more, is not equivalent to a consent.

2. ———: ———: EVIDENCE ON APPEAL. Inasmuch as there was evidence (see opinion) before the trial court tending to show that plaintiff had agreed to an extension of time upon the note in suit, and that the appellee, a surety thereon, did not consent to such extension, *held* that a judgment discharging the surety could not be interfered with on appeal.

*Appeal from Johnson District Court.*

THURSDAY, MARCH 17.

ACTION at law on a promissory note. Trial to the court. Judgment for the defendant Joseph Shetler, and the plaintiff appeals.

*S. H. Fairall* and *Remley & Remley*, for appellant.

*Boal & Jackson,* for appellees.

SEEVERS, J.—This case was before the court at a former term, and is reported in 62 Iowa, 72. When it was redocketed in the district court, the plaintiff filed a reply to the answer, and therein pleaded that Joseph Shetler consented to the extension of time given the principal on the note, and other defenses which will be hereafter sufficiently referred to.

I. That Joseph Shetler had knowledge of the agreement set out in the opinion in 62 Iowa, 72, is conceded, as we understand, by counsel for the defendant; but it is contended that there is no sufficient evidence that he ever consented thereto. The district court must have found the fact to be as claimed by counsel for the appellee, and we cannot say that such finding is not sustained by the evidence. It is undoubtedly true, we think, that, if an extension of time is granted the principal, the surety is discharged unless he consents thereto. Mere knowledge of such extension, without more, is immaterial. A careful consideration of the record satisfies us that the only evidence which tends to show such knowledge is a certain paper signed by the appellee and two others, wherein they agreed to pay certain sums of money for the purpose of "ascertaining what can be done towards raising the amount necessary to pay off or assume the indebtedness in full discharge of Christian Shetler and his sureties; * * * this paper not to be used until a committee of the subscribers hereto shall have determined that enough is raised to pay off said debts or discount, and

in full discharge of said Shetler and his sureties." This paper is dated on the ninth day of April, 1877, and thereby the appellee agreed to pay a certain amount for the purpose stated. It is insisted by counsel for the appellant that this paper recognizes the existence of, and refers to, the agreement set out in 62 Iowa, 72. This latter paper is dated in May, 1877. The appellee testifies that, when he executed the former paper, he had no knowledge of the latter. There is some evidence tending to show that he may have been mistaken in this respect. An answer sworn to by him in another action is relied on by appellant, but it is not so decidedly clear that it should be so construed as to warrant us in disturbing the finding of the court. Upon a careful consideration of the whole record, and being mindful of the fact that the district court had the opportunity of seeing and hearing the appellee when on the stand as a witness, we cannot say that the finding of the court is not sufficiently sustained by the evidence. It is by no means certain that, at the time the defendant signed the April agreement, he had knowledge of the one subsequently dated. It may be true that there had been some discussion among the creditors prior to April in relation to the matter, but we are unable to say that it had resulted in an agreement which had been reduced to writing, or even that its terms and conditions had been certainly agreed upon. The paper signed by the appellee clearly contemplates that he and other sureties were to be absolutely discharged. We therefore are unable to concede that the finding of the court as to the consent of the appellee is not sustained by the evidence.

II. The only other question we deem material is, whether John Lambert was bound by the May agreement. It is contended that he was not, because it was to be signed by all the creditors, and that this was not done. By reference to the agreement as set out in full in 62 Iowa, 72, we think it will clearly appear that it is not so provided on the face of such instrument. The expression, "We, the subscribers,

creditors," it seems to us, should be construed as meaning that it is an agreement between all creditors who may sign the agreement, and is binding on them, whether all sign it or not. We do not understand that counsel for the appellant claims otherwise; but it is said Mr. Coldren testified that the understanding was that it was to be signed by all the creditors. The evidence of Mr. Coldren, however, when read all together, is not entirely clear. To an extent, it is somewhat qualified, and it clearly appears, we think, that the appellee had no knowledge of such condition; nor does it appear that all the other persons who signed the agreement had knowledge thereof. There are some other circumstances relied on by the appellant in support of the proposition above stated; but, upon the whole record, we think the district court was fully warranted in finding that it was understood that the May agreement was not to be signed by all the creditors before it should be regarded as binding on those who did execute it, and therefore the judgment must be

AFFIRMED.