### SLOAN v. LATIMER.

1. SURETY—ALTERATION OF TIME OF PAYMENT.—Where the payee of a sealed note, before its maturity, and at the time of its transfer by him, voluntarily writes thereon an extension of time of payment without the knowledge of the surety, the payee thereby so alters the terms of the contract, and extends the time of payment, as to discharge the surety.
2. PETITION FOR REHEARING refused.

Before NORTON, J., Greenville, July, 1893.

Action by Tom Sloan against J. P. Latimer on a sealed note which the defendant had signed as surety for J. A. Mooney, and upon which the plaintiff, the payee, had written an extension of credit at the time that he transferred it for value to Kate Sloan. The note not having been paid, plaintiff repurchased it.

*Mr. Jos. A. McCullough,* for appellant.

*Messrs. Cothran, Wells, Ansel & Cothran,* contra.

April 7, 1894. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. On July 1st, 1890, J. A. Mooney and J. P. Latimer executed their sealed note, joint and several, for six hundred dollars, due one year after date, payable to Thoms Sloan, or bearer, interest from date at eight per cent. per annum, payable annually. On May 13, 1891, Sloan made the following memorandum on the note at the bottom: "I hereby extend date of payment of above note to January 1st, 1892, with privilege of payment before maturity." The note not having been paid at maturity, action was brought on said note against J. P. Latimer, who answered, and after making a general denial of all liability, alleged by way of special defence that he did sign with J. A. Mooney such a note as is described in the complaint, but that he was a surety thereto, and that the memorandum above set forth constituted such an alteration of the contract and such an extension of the time of payment, as discharged his obligation as surety.

The cause was tried by Judge Norton and a jury. The signature of the defendant Latimer to the note was proved, and it was offered in evidence. Defendant objected on the ground that it was not the note declared upon, having been altered. (Objection overruled.) The plaintiff then testified that he had voluntarily made the memorandum on the note, without consultation with any of the parties, as a kindness to Mooney. At the close of the plaintiff's testmony the defendant moved for a non-suit upon two grounds: First. That the memorandum was such an alteration as avoided the note. Second. That it was such an extension of credit as discharged the surety. Motion was refused, and under the charge of the judge the plaintiff had a verdict for $702.86.

From this verdict and judgment thereon the defendant appeals upon the following grounds: I. Because the Circuit Judge erred in admitting in evidence a certain sealed note, signed by J. A. Mooney and J. P. Latimer, for six hundred dollars, of date July 1st, 1890, when it appeared from its face that it was not the same described in the complaint, in that it contained other stipulations than these mentioned. II. In refusing defendant's motion for a non-suit: Because (*a*) the note and plaintiff's own testimony showed that plaintiff, since its execution and delivery, had materially altered the terms thereof, by adding thereto other stipulations and agreements without the knowledge or consent of the surety, the defendant in this action. (*b*) Because it appeared from the face of the note, and plaintiff's own testimony, that plaintiff had, since the execution and delivery of said note, extended the time of payment thereof for J. A. Mooney, the principal debtor, without the knowledge or consent of this defendant, the surety to said note. (*c*) Because there was no evidence entitling plaintiff to a verdict. III. In not holding that said note was void in so far as the defendant was concerned, in that plaintiff had added, since its execution and delivery, other material stipulations and conditions than those originally contained in the said note, without defendant's knowledge or consent. IV. In sending the jury back into their room after they had rendered a verdict for the plaintiff, it in no way appearing that the ver-

dict rendered was due to their mistake or inadvertence, or other than they intended to render," &c.

It seems that after some conflict in the authorities upon the subject, it has been finally settled in this State, "that any alteration of a written security in a material point renders it void, at least as to a surety." *Vaughan* v. *Fowler*, 14 S. C., 357; *Plyler* v. *Elliott*, 19 *Id.*, 257; *Gardner* v. *Gardner*, 23 *Id.*, 588; and *Sanders* v. *Bagwell*, 32 *Id.*, 238, and authorities referred to. Then was there in this case such an alteration as to come within the rule above stated? It is certainly not obvious that there was any alteration which was likely to injure the surety and was intended for that purpose. It seems, however, that the test is not whether the alteration complained of was injurious or beneficial to the surety, but whether there was a material alteration of any kind whatever, as the surety is entitled to stand upon his contract precisely as he made it. A surety is a favorite of the law, and has a right to stand on the strict terms of his obligation. *Tinsley* v. *Kirby*, 17 S. C., 1. It is true, no words in the note were actually stricken out, and others substituted for them. The note by its terms was due "One year after date, July, 1890;" and the memorandum written on the face of the note was in these words: "I hereby extend date of payment of above note to January 1, 1892, with privilege of payment before maturity," &c. Was that not, in effect, equivalent to striking out the words "One year after date," and inserting in their place "One year and six months after date?" We suppose that, during the six months supplemental indulgence, the payee of the note could not have sued upon it; and in that respect the case is analogous to that of *Gardner* v. *Gardner*, *supra*, in which, after contest, it was held, that "where a creditor receives from the principal debtor payment of interest in advance on a past due note, an agreement to give time is necessarily implied, and the creditor thereby debars himself of suing meantime on the note, and the surety is, therefore, discharged, unless the creditor can show mistake or, possibly, an agreement that the right of suit should not be suspended." So we think the payee in this case could not have sued upon the note before the extended time allowed for payment had

expired; and for that reason, as in *Gardner* v. *Gardner*, the surety in this case was discharged.

The judgment of this court is, that the judgment of the Circuit Court be reversed.

The plaintiff filed a petition for rehearing, which was dismissed by an order per curiam of May 1, 1894, in the usual form used by the court in such cases.