## BARRY v. STOVER et al.

Under Rev. Civ. Code, § 1255, providing that a contract is to be interpreted according to the law and usage of the place where it is to be performed, or if it does not indicate the place of performance according to the law of the place where it is made, the negotiability of a note payable in Boston is to be determined according to the law of Massachusetts.

Where the wife of a loan broker knew that he was making loans and taking securities in her name, and transferring the same by indorsement without any objection being made by her, and a note and mortgage were taken by the husband in the wife's name, and thereafter transferred by him for a valuable consideration, it was immaterial whether the note was indorsed by her or her husband.

Where an action was brought in South Dakota to foreclose a mortgage securing a note payable in Massachusetts the court would administer the lex fori in determining what constituted a valid defense to the action, though the validity and interpretation of the contract was controlled by the law of the foreign state.

A suit to foreclose a mortgage, securing a non-negotiable note which had been assigned to plaintiff, was without prejudice to any defense existing before notice of the assignment under Rev. Code Civ. Proc. § 81, providing that in case of the assignment of a thing in action, the action is without prejudice to any set-off or other defense existing at the time or before notice of the assignment, excepting negotiable notes or bills of exchange transferred in good faith before maturity, etc.

Where the wife of a loan broker permitted him to take and transfer notes and securities in her name, she was bound by his act in receiving payment from a mortgagor who executed a non-negotiable note and mortgage to her, which her husband transferred to another.

Where defendant purchased mortgaged premises subject to a mortgage securing a non-negotiable note, on the faith of the records showing no assignment of the note and mortgage, and later paid the same to the payee's husband, who was authorized to receive payment, without notice of the assignment, the mortgage was unenforceable against him by the assignee.

(Opinion filed, April 3, 1906.)

Appeal from Circuit Court, Aurora County.  Hon FRANK B. SMITH, Judge.

Action by John L. Barry against Ezra E. Stover and others. From a judgment for plaintiff, defendants appeal. Reversed.

*Fellows* & *Cook,* for appellants. *Gamble, Tripp* & *Holman,* for respondent.

HANEY, J. The plaintiff's cause of action is thus stated in the complaint: ."( 1) That on the 1st day of November, 1886, the defendants Ezra E. Stover and Eliza I. Stover executed and delivered to one P. M. Dunn their promissory note conditioned to pay to the order of said Dunn, $700, on the 1st day of November, 1891, with interest thereon at 7 per cent. per. annum payable semiannually until due, and 10 per cent. per annum on the principal and interest after maturity. (2) That for securing the payment of said note the said Ezra E. and Eliza I. Stover executed and delivered to the said P. M. Dunn a mortgage or trust deed of the same date upon certain real property in the county of Aurora, described ·as. follows, to-wit: The S. E. ¼ of section 35 in township 105 N. of range 64 W. (3) That on the 12th day of November, 1886, the said mortgage or trust deed was recorded in the office of the register of deeds of Aurora county, in Book 16 of Mortgages, on page 479. (4) That on the 21st day of March, 1888, the said Ezra E. and Eliza I. Stover conveyed the said real estate, subject to said mortgage, to the defendant, Peter McGovern, who thereupon agreed that the said note and mortgage should be paid at maturity. (5) That no part of the principal or interest of the said note and mortgage or trust deed has been paid except interest for the first year. (6) That the said Peter McGovern has, or claims to have, some interest or lien upon said real property, but that the same is subject to the lien of the said mortgage. (7) That on the 6th day of November, 1886, for a valuable consideration, the said P. M. Dunn indorsed, assigned, and set over the said note and mortgage or trust deed to John Jeffries and sons, who immediately thereupon indorsed, assigned and set over the same to this plaintiff. (8) That no proceedings have been had at law or otherwise for the recovery of the debt secured by said mortgage or any part thereof." Peter McGovern, the only defendant who answered, denies that the note was indorsed or transferred to Jeffries & Sons by or with authority from P. M. Dunn,

the payee, alleges that it was nonnegotiable, and alleges that the obligation was extinguished April 16, 1888, by payment and the execution of a release of the mortgage by J. M. Dunn, the trustee named therein, which was recorded April 21, 1888. The lien here sought to be foreclosed was created by an instrument of substantially the same import as those involved in Langmaack v. Keith, 19 S. D. 351, 103 N. W. 210, and McVay v. Tousley, 20 S. D. — 105 N. W. 932, and for the reasons stated therein must be regarded as a mortgage.

The learned circuit court found: That the note and mortgage were delivered to J. M. Dunn at Le Mars, Iowa. That they were transferred to Jeffries & Sons for a valuable consideration, in November, 1886, after this indorsement was placed on the back of the note by P. M. Dunn: "Pay to the order of——————without recourse." That at the time the papers were transmitted to Jeffries & Sons, J. M. and P. M. Dunn were husband and wife, living together as such at Le Mars, Iowa, where the former was engaged in the business of a loan broker, at which time the latter knew her husband was taking such loans and papers in her name and transferring them as these were transferred. That the note was negotiable under the laws of Iowa. That it was not negotiable under the laws of Massachusetts, and "that under the laws of the state of Massachusetts, there was no obligation on the part of the said P. M. Dunn, Jeffries & Sons or this plaintiff to notify the defendants Stover or McGovern of the transfer of said papers to protect themselves or any of them as against any payment of this note, coupons or trust deed to said J. M. Dunn." The evidence conclusively proves that the note and mortgage were delivered at Plankinton, Dakota, (now South Dakota) but that fact is not material, because the note, by its terms, was payable at Boston, and the question of its negotiability is to be determined according to the law of the place where it was payable. Rev. Civ. Code, § 1255; 22 Am. & Eng. Ency. Law, p. 1345.

It is undisputed that the note and mortgage were delivered by J. M. Dunn to Jeffries & Sons, for a valuable consideration, November 6, 1886, and it is immaterial whether the note was indorsed by the payee or her husband, as the trial court found and the evidence

disclosed, that the latter was authorized by his wife's conduct to make such indorsement. The statement in the circuit court's decision relative to plaintiff's obligation under the law of Massachusetts, to give notice of the transfer is wholly immaterial and irrelevant. It might be conceded that if this action were pending in the courts of Massachusetts the plaintiff would prevail, but it would not follow for that reason that he must prevail in this jurisdiction. The validity and interpretation of a contract may be controlled by the laws of a sister state but in determining what shall be good defenses to actions instituted 'n this state its court must administer its cwn laws and not those of other states. Williams v. Haines, 27 Iowa, 251. Our Legislature has thus declared what defense may be interposed in such actions as the one at bar: "In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment; but this section shall not apply to a negotiable promissory note or bill of exchange, transferred in good faith, and upon good consideration, before due." Rev. Code Civ. Proc. § 81. The thing in action in this case is not a negotiable promissory note or bill of exchange and the action thereon is without prejudice to any set-off or other defense existing before notice of the assignment.

The trial court found that the note has never been paid to P. M. Dunn, Jeffries & Sons, or the plaintiff, but the finding is not sustained by the evidence. There is a clear preponderance against it. It is undisputed that McGovern paid J. M. Dunn the full amount due and one year's advance interest April 16, 1888, whereupon the latter executed and acknowledged a discharge of the mortgage, which was recorded April 21, 1888. Payment to J. M. Dunn was payment to his wife. If, as found by the court and clearly shown by the evidence, Mrs. Dunn was bound by the act of her husband when he transferred the note she was bound by his act when he received payment from McGovern. It clearly appears that she had no interest in the note; that her connection with the transaction was merely nominal—the same as though the name of a fictitious person had been employed. As was said by this court in Pickford v. Peebles, 7 S. D. 166, 63 N. W. 779, "had the note not

been transferred, Mrs. Dunn would have been bound by the dis-
charge made by her agent in the manner it was made, and she
could not have foreclosed the mortgage as against Peebles after the
execution of the release." So in this case, had there been no trans-
fer she could not have recovered upon the note or have foreclosed
the mortgage as against McGovern after payment to her husband in
the manner in which such payment was made. Hence, the finding
that payment was not made to P. M. Dunn was not justified by the
evidence. Whether payment to J. M. Dunn was payment to Jeffries
& Sons or to the plaintiff depends upon whether Dunn was clothed
with actual or ostensible authority to make the collection, upon
which issue it will be assumed the evidence was conflicting, and the
decision, so far as it found that no payment was made to either of
those parties, will not be disturbed.

So for the purpose of this appeal, there was payment to the
payee of a nonnegotiable note after its assignment, and the vital
question is whether such payment was made before notice of the
assignment. No assignment of the mortgage was recorded until
long after the payment was made, and the only finding as to notice
is as follows: 'That at and prior to the execution of the said re-
lease deed the said defendant Stover had notice of facts sufficient
to put him upon inquiry with reference to the transfer of the papers
herein involved to this plaintiff." This is a conclusion of law rather
than a finding of fact, but assuming that it is sustained by the
evidence and that constructive notice of the assignment to the maker
of the note was sufficient to protect the assignee against payment by
the maker to the payee, the finding is not relevant to any issue in
this action. There is no presmption of law that Stover imparted
his information to McGovern. The latter cannot be charged with
notice merely because it was possessed by the former. McGovern
purchased the mortgaged premises relying upon the records, which
disclosed that the indebtedness was payable to P. M. Dunn and
that the mortgage was to be satisfied by the trustee named therein.
By reason of such purchase he was entitled to pay the debt to pro-
tect his property. This court has held: "Where a real estate mort-
gage, given to secure a nonnegotiable note, is assigned to a pur-
chaser of the same, who fails to put such assignment on record, and

the mortgagee, notwithstanding such assignment, forecloses such mortgage, sells the mortgaged premises, and the subsequent grantee of the mortgagor redeems the same within the statutory time, without notice or knowledge of such assignment, but in good faith relying upon the record and the right of the mortgagee to so foreclose, such grantee and redemptioner takes the title to the mortgaged premises free from the lien of such mortgage." Merrill v. Luce, 6 S. D. 354, 61 N. W. 43. "Where the reason is the same, the rule should be the same.' Rev. Civ. Code, § 2410. Certainly the position of one who purchases mortgaged property should not be less favorable when he pays the outstanding debt than it is when he redeems after a foreclosure of the mortgage. In the case at bar the assignee neglected to file an assignment of the mortgage, payment was made to the mortgagee, and in the absence of any finding upon which McGovern can be charged with notice of the assignment, the decision of the learned circuit court cannot be sustained.

As to what constitutes notice of an assignment no opinion is expressed. It will be found that the authorities are conflicting. Nor do we at this time determine whether the provisions of the mortgage respecting the trustee's powers do not preclude the plaintiff from questioning the validity of the trustee's release, notwithstanding McGovern may have had actual notice of the assignment.

The judgment is reversed, and a new trial ordered.