### WINDHORST v. BERGENDAHL, et al.

Where the purpose of securing the signatures of certain persons to a note is, to the knowledge of the payee, merely to give credit to the other signer, without any personal benefit to themselves, their obligation is merely that of sureties.

Under Rev. Civ. Code, § 1994, providing that one who appears to be a principal, whether by the terms of a written instrument, or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal, one appearing by the terms of a note to be a joint maker may be shown by parol to be a surety.

In the absence of anything to the contrary, the statute of another state on a subject may be presumed to be the same as the lex fori.

It is competent evidence of the extension of a note, for a consideration, discharging the sureties thereon, that two days before it was legally due the principal paid interest to maturity of the note, and executed and delivered a new note for the same amount payable by its terms a year later.

(Opinion filed, April 2, 1907.)

Appeal from Circuit Court, Deuel County. Hon. GEORGE H. MARQUIS, Judge.

Action by William Windhorst against B. A. Bergendahl and others. From an adverse judgment, plaintiff appeals. Affirmed.

*John I. Davis, A. Sherin,* and *Thomas Davis,* for appellant.

Where one signs a note for another and the consideration passes to that other from the payee, and such one receives the entire consideration and this is known to the payee still such party so signing and receiving none of the consideration is a principal maker. Warburton v. Ralph, 9 Wash. 537; Aud v. Magruder, 10 Cal. 288;

Shriver v. Lovejoy, 32 Cal. 574; Harlan v. Ely, 55 Cal. 340. One who signs a note for the purpose of giving credit to another with the payee is a joint maker and not a surety. Damon v. Waters, 34 Cal. 278; Aud v. Magruder, 10 Cal. 282. The delivery of a contract is its completion, and the place of delivery is its place of contract. Towne v. Rice, 122 Mass. 67; Gay v. Rainey, 89 Ill. 221. An agreement between the maker and the holder of the note that interest paid on the same should be applied towards the extinguishment of payment is not binding on the holder and did not discharge the surety on the note. Wilson v. Powers, 130 Mass. 127; McCann v. Lewis, 9 Cal. 246.

*Hanten & Loucks*, for respondent.

The validity and interpretation of a contract may be controlled by the laws of a sister state, but in determining what shall be good defenses to actions instituted in this state, its courts must administer its own laws and not those of other states. Barrey v. Stover, 20 S. D. 459; Williams v. Haines, 27 Iowa 251. If the creditor agrees with the principal debtor to extend the time of payment upon a valid consideration, without the consent of the surety, the surety is released from liability. Bunker v. Taylor, 10 S. D. 526: Jennings v. Chase, 10 Allen 526. Payment of part of a debt before it is due is a sufficient consideration to support an agreement for delay of payment of the remainder. Where the creditor, in consideration of payment by the principal of a small portion of the debt one day before it is due, agreed to give one year's time for the payment of the remainder the surety was discharged. Brandt on Suretyship and Guaranty, Section 353; Uhler v. Applegate, 28 Pa. St. 140.

FULLER, P. J. The trial of this action on a promissory note resulted in the discharge of the respondents Trageser from all liability on the theory that they signed the same as sureties for the nonappearing defendant, B. A. Bergendahl, and that appellant, to whom the note was given, extended the time of payment for one year for a valuable consideration and without their knowledge or consent. While by the terms of the promissory note the three signers appear to be joint makers, the record discloses facts amply sufficient to charge appellant with knowledge that P. A. Trageser

and Stephen Trageser signed the instrument for and at the request of B. A. Bergendahl to enable him to obtain a loan of $300 for one year at the bank of which appellant, the payee named in such note, was president, and that neither of the Tragesers expected to be, or ever were, benefited by the transaction.

Consonant with the rule in equity, section 1994 of the Revised Civil Code provides that: "One who appears to be a principal, whether by the terms of a written instrument or otherwise, may show that he is in fact a surety, except as against persons who have acted on the faith of his apparent character of principal." Now, it clearly appears from the testimony that all the parties understood that Bergendahl, to whom the loan was made, executed the note as principal, and induced the Tragesers to sign the same to enable him to get the money, and appellant had actual knowledge that they were to sign as sureties, and not otherwise. As the purpose of securing their signatures was to give credit to Bergendahl without any personal benefit to themselves, their obligation was merely that of suretyship, and there is no merit in the contention of counsel for appellant that their true relation to the contract could not be shown by parol. Bailey Loan Co. v. Seward, 9 S. D. 326, 69 N. W. 58.

After Bergendahl had negotiated for the loan and signed the note at appellant's bank in the village of Halloway, Minn., he sent it to respondents by United States mail, and obtained their signatures at Gary, S. D. For the reason that the note was executed by Bergendahl in Minnesota, and made payable in that state, it is contended by counsel for appellant that the laws of Minnesota govern its interpretation and enforcement; but even in that event, and in the absence of anything before us to the contrary, it might be presumed that the Minnesota statute is the same as our own. In the recent case of Barry v. Stover, 20 S. D. 107 N. W. 672, this court, speaking through Mr. Justice Haney, said: "The validity and interpretation of a contract may be controlled by the laws of a sister state; but in determining what shall be good defenses to actions instituted in this state, its courts must administer its own laws and not those of other states."

The $300 note which respondents signed with Bergendahl as sureties bears date November 30, 1903, and was made payable on or before December 1, 1904, together with 9 per cent interest per annum. Concerning the transaction by which these sureties claim to be discharged from all liability, Bergendahl testified that on the 2d day of December, 1904, he called at the bank of appellant where the note above mentioned was executed, and requested an extension for one year, which was granted upon the payment of $27 interest and the execution of a renewal note for one year, signed by Bergendahl alone, which was taken by appellant pursuant to an agreement then and there expressly made and entered into by and between appellant, Windhorst, and Bergendahl, that the time of payment was to be extended for one year from that date, and neither of the respondents consented to the extension, nor were present when such second note wes executed. Bergendahl was then entirely solvent, and had abundant property subject to legal process, but since that time has become a voluntary bankrupt, and had been discharged in bankruptcy when this action was tried in the circuit court. According to his testimony, which the jury had a right to believe, though controverted in some material particulars, he paid the $27 interest and executed the new note for $300, due December 1, 1905, two days before anything was legally due and collectible on the original note, which was retained and marked "collateral" by appellant, with whom all the business was transacted. This payment of accrued interest before the expiration of the three days of grace, when it might legally be demanded, and the execution and delivery of the new note, which is presumptive evidence of a lawful consideration, discloses a mutual understanding that the amount for which it was given would become due according to its terms, and the inference is strengthened by the fact that no attempt was made to enforce immediate collection.

For the reason that usury as a defense is personal to the borrower, and may be waived it was held by this court that the payment of usurious interest constituted sufficient consideration for an extension that discharged a surety not assenting thereto, and that the indorsement: "5-24. Int. Paid, and extended 60 days —— consent of both parties"—was a written instrument and presumptive

evidence of a valuable consideration. Bank v. Elevator Co., 10 S. D. 167, 72 N. W. 402; Corbett v. Clough, 8 S. D. 176, 65 N. W. 1074; McCormick Harv. Mach. Co. v. Rae, 84 N. W. 346, 9 N. D. 482. "An agreement by a creditor to give time to his principal debtor, in a contract for the payment of money, need not be made in express language, in order to discharge a surety. It is sufficient if a mutual understanding and intention to that effect are proved." Brooks v. Wright, 13 Allen, 72; Lambert v. Shitler, 62 Iowa, 72, 17 N. W. 187; Hollingsworth v. Tomlinson, 108 N. C. 245, 12 S. E. 989; Revell v. Thrash, 44 S. E. 596, 132 N. C. 803. By the new note, appellant secured the right to charge and collect the same rate of interest for an additional period of one year, which, without the extension, Bergendahl might terminate at any time by paying the principal with accrued interest; and the relinquishment of this right to pay the indebtedness, and the postponement for one year of the right to collect the same, is generally considered a valuable consideration for the contract, and sufficient to release sureties.

From the case of McComb v. Kittredge, 14 Ohio, at page 351, we quote as follows: "It is just as competent for the principals to a note to extend the time of payment for a specified period, as it was to fix the time of payment originally. If the lender of money, secured by a note, after the same becomes due, contracts with the borrower that the time for paying the same shall be extended for one year, or for any other period, upon consideration that the borrower shall pay the legal or less rate of interest, why is not that a binding contract? The lendor, by this contract, secures to himself the interest on his money for the year, and the borrower precludes himself from getting rid of the payment of the interest by discharging the principal. It is a valuable right to have money placed at interest and it is a valuable right to have the privelege, at any time, of getting rid of the payment of interest by discharging the principal. By this contract, the right to interest is secured for a given period, and the right to pay off the principal, and get rid of paying the interest, is also relinquished for such period. Here, then, are all the elements of a binding contract." To the same effect, see People

v. Grant, 100 N. W. 1006, 138 Mich. 60; also, Brandt. Sur (3d Ed.) 388, and numerous cases there collated.

The payment of the $27 interest a. short time before it could be lawfully demanded, and the execution and delivery of a new note payable by its terms one year later, is competent evidence of an extension for a consideration sufficient to discharge the sureties, and the conclusion of the jury, based upon conflicting evidence, submitted by the court under proper instructions, cannot be disturbed.

Merited consideration of all that is contained in the brief of counsel for appelant discloses no errors of law occurring at the trial, and the judgment of the court below is affirmed.