SHORT v. SHANNON et al. (No. 6072.)

(Court of Civil Appeals of Texas. Austin. April 9, 1919.)

PRINCIPAL AND SURETY ⊚⟶104(1) — EXTENSION — DISCHARGE OF SURETY—INSOLVENCY OF PRINCIPAL.

Regardless of injury or benefit, where principal debtor and one of the sureties make a valid agreement by which time of payment is extended, every other surety who does not consent to such extension is released from liability, although at the time of such agreement and continuously since then, the principal has been insolvent.

Appeal from District Court, Tom Green County; C. E. Dubois, Judge.

Suit by J. M. Shannon against Joe Short and others. From the judgment rendered, defendant named appeals. Affirmed.

Joseph Spence, Jr., of San Angelo, for appellant.

KEY, C. J. J. M. Shannon brought this suit against J. T. Walters, Joe Short, and A. H. Seely, seeking to recover the principal, interest, and 10 per cent. attorney's fees on a promissory note. The defendant Walters filed no answer, and judgment went against him by default. The defendant Short answered by general denial to the plaintiff's suit, and alleged that as between the parties he and his codefendant Seely were sureties for Walters, the other defendant, and he asked for judgment over against Walters for whatever amount of the debt he might pay, and for a like judgment against the defendant Seely for one-half of such amount. The defendant Seely answered by demurrer and general denial to plaintiff's suit, and by special answer alleged that he was surety on the note, and that by agreement between the plaintiff and the defendants Walters and Short, and without his knowledge and consent, the time of payment of the note had been extended, and that he was thereby released from liability. By supplemental answer the defendant Short presented an exception to the cross-action of the defendant Seely, upon the ground that it did not show that the contract to extend the time of payment of the note was based upon any consideration valid in law. He also denied the allegations contained in the cross-action, and pleaded that the principal obligor, J. T. Walters, since the maturity of the note, and at the time of the trial, was actually and notoriously insolvent.

There was a nonjury trial, which resulted in a judgment overruling the defendant Short's exception to the cross-action of the defendant Seely, and awarding a recovery to the plaintiff against the defendants Walters and Short for the full amount of the debt sued for, and in favor of the defendant A. H. Seely, discharging him from liability to either the plaintiff or his codefendant Short. Judgment was also rendered in favor of defendant Short over against his codefendant Walters. The defendant Short has appealed.

The first assignment of error complains of the action of the trial court in overruling appellant's special exception to the cross-action against his codefendant A. H. Seely upon the ground that no valid or valuable consideration was alleged for the agreement to extend the time of payment of the note.

The record does not support that assignment. The plea complained of alleged:

That "plaintiff, at the request of defendants Walters and Short, on December 5, 1915, extended the time of the payment of said note, without the knowledge or consent of this defendant, and for a valuable consideration; that on April 29, 1916, said note was again extended by plaintiff for a valuable consideration, and without the consent of this defendant, for a term of six months, and again extended by plaintiff on November 22, 1916, for a period of six months, at the request of defendants Walters and Short, and without the knowledge or consent of this defendant."

Hence we overrule the first assignment of error.

The trial court found as a fact that the extension contracts pleaded by the defendant Seely were made without his knowledge or consent, and for that reason that court held that Seely was released from liability upon the note. That court also found as a fact that appellant Short had knowledge of and consented to the extension contracts referred to. The court also found that Walters was insolvent, as alleged by appellant Short. The evidence sustains all of the findings referred to.

As the note was an interest-bearing obligation, and as two of the makers agreed with the plaintiff to extend the time of payment for a definite period, there was a sufficient consideration for that agreement, and as their codefendant, Seely, who as between the defendants was only a surety, did not consent to said extension of time, the case falls within the doctrine announced in Benson v. Phipps, 87 Tex. 578, 29 S. W. 1061, 47 Am. St. Rep. 128, unless the insolvency of the principal, Walters, takes the case out of that class.

In Benson v. Phipps, supra, it is said:

"It is the right of the surety at any time after the maturity of the debt to pay it and to proceed against the principal for indemnity. This right is impaired if the creditor enter into a valid contract with the principal for an extension of the time of payment. The obligation of the surety is strictly limited to the terms of his contract, and any valid agreement between the creditor and the principal by which his position is changed for the worse discharges his liability. For this reason it is universally held that a contract between the two, which is binding in law, by which the principal secures an extension of time, releases the surety, provided the surety has not become privy to the transaction by consenting thereto."

We believe it is a sound proposition to say that, when the principal debtor and one of the sureties make a valid agreement by which the time of payment of the debt is extended, every other surety who does not consent to such extension is released from liability, although it may be shown that at the time of such agreement to extend, and continuously since then, the principal has been insolvent.

In 32 Cyc. p. 194, the rule upon that subject is stated as follows:

"The right of a surety to consider himself discharged by an extension of time to the principal is not affected by the fact that the surety executed the note without the knowledge of the principal, or that the principal was insolvent, or a discharged bankrupt; nor that the

extension benefited or did not injure the surety, his contract being changed."

That text is well supported by other authorities. Callihan v. Tanner, Administrator, 3 Rob. (La.) 299; Haden v. Brown, 18 Ala. 641; Roberts v. Richardson, 39 Iowa, 290; Pipkin v. Bond, 40 N. C. 91; Sloan v. Latimer, 41 S. C. 217, 19 S. E. 491, 691; Post v. Losey, 111 Ind. 74, 12 N. E. 121, 60 Am. Rep. 677.

The cases cited support the proposition that, when a valid agreement extending the time of payment of the debt has been made, such contract constitutes a material change in the original contract; and therefore, if the surety does not consent to such change, he is released because of such material change in the contract; and it is immaterial whether he will be injured or benefited by the new contract.

No error has been shown, and the judgment is affirmed.

Affirmed.