ELBRIDGE K. JEWETT *vs.* WEST SOMERVILLE CO-OPERATIVE BANK.

Middlesex.    January 27, 1899. — March 2, 1899.

Present: HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Authority of Treasurer of Co-operative Bank to accept Order.*

There is nothing in the nature of the business to be done by co-operative banks, or in the express provisions of the statutes, which indicates that their treasurers can create liabilities on the part of such corporations by their signatures to commercial paper, or by their indorsement or acceptance of such paper; and where, in an action against a co-operative bank as the acceptor of an order, it is plain that its treasurer had no implied authority by virtue of his office, and the by-laws and the oral testimony tended strongly to show that he had no actual authority to bind it by his acceptance of the order, a ruling requested that the plaintiff is not entitled to recover should be given.

CONTRACT, against a co-operative bank, organized under the general laws of Massachusetts, as acceptor of the following order:

" Boston, 19 March, 1897. To West Somerville Co-operative Bank. Please pay to Elbridge K. Jewett two hundred and fifty (250) dollars out of the second payment due me on mortgage on part of Lot A, Newbern Avenue, Medford, said payment to be made when the plastering is done. Margaret McGovern, by Michael F. McGovern, her Att."

" This order is hereby accepted. O. H. Perry, Treas."

At the trial in the Superior Court, without a jury, before *Mason*, C. J., the plaintiff testified that, previous to the date of the order, he held a second mortgage on the property described therein; that on said March 19th the defendant paid the first mortgage on the property, and all of said second mortgage except about two hundred and fifty dollars; that he first talked

about the giving of this order with one Delano, who represented the defendant at his office; that Delano said that Perry would accept the order, and that the money would be paid when it became due; that so far as he knew Delano never saw the order till action was brought on it; that the order was drawn up after he had discharged his mortgage and had left Delano's office by Barnes at his office; and that between April 15th and 18th, the house then being plastered, he demanded payment of the treasurer, who said he was ready to pay the order at any time when McGovern would sign a receipt in full for the payment due at that time.

Perry testified that no vote was ever passed by the board of directors of the defendant authorizing him or any one else to accept this order or any order; that he never accepted any order in the name of the bank; that he had no authority so to do; that there was no custom in the bank for him to accept orders in the name of the bank; that he never accepted any other orders as treasurer; that he accepted one other order about the same time he did this one, to be paid on the same conditions as the one in question, that is, when the payments were made, if made at all; that this other order had never been honored or paid by the bank; that no one else connected with the bank knew that he had accepted these two orders; that all money was paid out by the bank by check payable to the borrower, signed by the treasurer and countersigned by the president; that he did not tell Jewett that he would pay the order when McGovern signed a receipt in full; that he told him that the money was not due and had not been recommended by the security committee; that when the payment was due and paid he would see that his amount was taken out; and that that was the arrangement, and he could not do it in any other way.

The by-laws of the defendant corporation contained the following provisions regarding its officers and their duties: "The officers of this corporation shall consist of a president, a vice president, a secretary who shall be clerk of the corporation, a treasurer, and fifteen directors. . . . The board of directors shall have the general management of the business of the corporation. . . . The treasurer shall receive from the secretary all moneys paid to the corporation, and give his receipt therefor. He shall

pay all drafts of the secretary when signed by the proper officers. He shall be the custodian of all deeds, mortgages, mortgage notes, policies of insurance, or other securities of the corporation. . . . He may discharge any mortgage held by this corporation upon the receipt of the amount due thereon, provided that the discharge shall be approved in writing by one director. . . . The board of directors shall appoint an attorney, who shall examine all titles to property offered as security for loans, and shall prepare all papers of a legal nature required by the corporation."

The defendant requested the court to rule that the defendant had no power to make itself liable as acceptor of the order, and that, if such acceptance was made, it would be *ultra vires* and void; that the treasurer of the defendant corporation had no authority to accept the order declared on in the name and behalf of the defendant, and make the defendant liable thereon; and that, on all the evidence, the plaintiff was not entitled to recover. The Chief Justice declined so to rule, and found for the plaintiff in the sum of two hundred and sixty-eight dollars and forty-nine cents; and the defendant alleged exceptions.

*D. C. Delano*, for the defendant.

*J. H. Barnes, Jr.*, for the plaintiff.

KNOWLTON, J. This action is brought on an acceptance of an order for the payment of money drawn on the defendant corporation and accepted by its treasurer. To maintain his action the plaintiff must establish the validity of the acceptance. The defendant is a co-operative bank, established and doing business under the laws of the Commonwealth. See Pub. Sts. c. 117; Sts. 1882, c. 251; 1883, c. 98; 1885, c. 121; 1887, c. 216; 1889, c. 159; 1890, c. 78; 1894, c. 342; 1895, c. 171; 1896, cc. 277, 285, 361; 1897, c. 161; 1898, c. 247. Such banks are subject to the supervision of the savings bank commissioners, and in their organization and general features are closely allied to savings banks. *Atwood* v. *Dumas*, 149 Mass. 167, 169. They are not authorized to do a general banking business, and their rights and powers are strictly limited for the protection and benefit of their members.

The defendant contends that, under the statutes of this Commonwealth, it could not, even under an express vote, accept such

an order as the plaintiff has declared on. We do not find it necessary to determine the question thus presented. If we assume in favor of the plaintiff that the making and acceptance of this order were so connected with the payment of the money which the mortgagor was to receive as a loan that the corporation might have bound itself by an acceptance, we come to the question whether the treasurer could bind the corporation by such an undertaking without express authority so to do.

The statute provides: " All payments made by the corporation for any purpose whatsoever shall be by order, check, or draft upon the treasurer, signed by the president and secretary," etc., and that the " treasurer shall dispose of and secure the safe keeping of all moneys, securities, and property of the corporation in the manner designated by the by-laws," etc.   Pub. Sts. c. 117, § 17.   We find nothing in the nature of the business to be done by such corporations, or in the express provisions of the statutes, which indicates that their treasurers can create liabilities on the part of such corporations by their signatures to commercial paper, or by their indorsement or acceptance of such paper. There is no reason why the power of the treasurer of a co-operative bank should be greater than that of a treasurer of a savings bank.   A treasurer of a savings bank cannot bind the corporation by such indorsements, nor by any similar transaction. *Tappan* v. *Warren Five Cents Savings Bank*, 127 Mass. 107.   *Commonwealth* v. *Reading Savings Bank*, 133 Mass. 16, 20.   *Holden* v. *Upton*, 134 Mass. 177.   *Holden* v. *Phelps*, 135 Mass. 61.   Treasurers of other similar corporations, as well as of parishes and municipalities, are also of limited authority. *Craft* v. *South Boston Railroad*, 150 Mass. 207.   *Webber* v. *Williams College*, 23 Pick. 302.   *Packard* v. *First Universalist Society*, 10 Met. 427.   *Torrey* v. *Dustin Monument Association*, 5 Allen, 327.   *Lowell Five Cents Savings Bank* v. *Winchester*, 8 Allen, 109.   There is a material difference between the implied powers of treasurers of manufacturing and trading corporations, and those of treasurers of corporations organized for special purposes, which ordinarily do not have occasion to use commercial paper in the transaction of their business. It is plain that the defendant's treasurer had no implied authority by virtue of his office to bind it by his acceptance of the plaintiff's order.

The defendant's by-laws, which were put in evidence, and the oral testimony, tended strongly to show that the treasurer had no actual authority to sign an acceptance of this kind for the bank, and they furnished no evidence to sustain the plaintiff's contention in this particular. We are of opinion that the ruling requested by the defendant, that " the treasurer of the defendant corporation had no authority to accept the order declared on in the name and behalf of the defendant, and make the defendant liable on said order to the plaintiff; and that on all the evidence the plaintiff is not entitled to recover," should have been given.        *Exceptions sustained.*