# DECISIONS

OF THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS

---

RAPHAEL P. BORUCHOFF, administrator, *vs.* MIHRAN H. AYVASIAN & others.

Norfolk. November 6, 1947. — May 28, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Coöperative Bank. Mortgage,* Of real estate: coöperative bank mortgage, assignment. *Corporation,* Officers and agents. *Agency,* Ratification. *Equity Jurisdiction,* Equity regards as done that which ought to be done. *Equity Pleading and Practice,* Decree. *Assignment. Real Property,* Recording and registration.

A mortgage of real estate in the coöperative bank form provided by G. L. c. 183, §§ 22–24, given to a coöperative bank by a borrower with a pledge of shares and a note conforming to the provisions of c. 170, § 26, and obligating him solely to make the required periodic payments of dues, interest and fines on the shares, was conditioned, by virtue of c. 183, § 18, on repayment of the loan made to him as well as on his performance of the obligations described in the note.

Upon a forfeiture under G. L. c. 170, § 32, of shares pledged to a coöperative bank by a borrower who also had given it a note in the usual coöperative bank form and a mortgage of real estate under G. L. c. 183, §§ 22–24, the note and the duty of the borrower respecting payments on the shares were extinguished, but the borrower remained obligated to pay to the bank the balance left due on the loan after application of the withdrawal value of the shares, and interest on such balance, and the mortgage became substantially a mortgage in the common form to secure performance of such remaining obligation.

A coöperative bank, holder of a note, shares pledged, and a mortgage of real estate given to it by a borrower, upon forfeiture of the shares under G. L. c. 170, § 32, and application of their withdrawal value upon the loan, might properly make an assignment of its claim for

the resulting balance due and of the mortgage as security therefor in consideration of payment of that balance to it by the assignee.

Facts required a conclusion that an assignment of a mortgage and of the claim secured thereby, made in behalf of a coöperative bank by its treasurer for adequate consideration, was ratified by the bank.

A decree in equity, ordering the defendant to make an assignment to the plaintiff of a mortgage "in the form hereto annexed," a form of assignment being annexed wherein it was provided that the defendant "assigns said mortgage and the . . . claim secured thereby," should be construed as ordering the defendant to assign both the mortgage and the claim.

Registration under G. L. (Ter. Ed.) c. 183, §§ 43, 44, as amended, of a decree in equity ordering the defendant to assign to the plaintiff a mortgage and the claim secured thereby, although it operated to transfer to the plaintiff the legal title to the mortgage, left the bare legal title to the claim in the defendant and an equitable right to its assignment in the plaintiff.

In a suit in equity against a landowner for foreclosure of a mortgage of the land, brought by one who had acquired legal title to the mortgage and an equitable right to an assignment of the claim secured thereby, which had arisen under a decree ordering such assignment in a previous suit by him against the holder of the claim, the plaintiff was entitled to have the claim treated as though it had in fact been assigned to him in compliance with the previous decree, and to a decree for foreclosure, although the holder of the claim was not a party to the later suit.

BILL IN EQUITY, filed in the Superior Court on June 4, 1941.

Following the report of a master, a final decree was entered by order of *Hudson*, J., providing as follows: "1. That there is due the plaintiff on the mortgage and note from George O. Gaudette and Marie L. Gaudette to Dean Co-operative Bank dated August 8, 1924 . . . the sum of . . . $848. 2. That if the defendants shall within thirty days from the date of the entry of this decree pay to the plaintiff the sum of . . . $848 with interest thereon from November 19, 1946, together with $29.90 costs of suit, the plaintiff shall deliver to the defendant [*sic*] a discharge of said mortgage and cancel the said note. 3. If the defendants shall fail to pay to the plaintiffs [*sic*] the sums specified in the preceding paragraph within thirty days from the entry of this decree, then Daniel J. Daley, Esquire, is hereby appointed special master to exercise the power of sale contained in the said mortgage and he is hereby authorized and empowered to sell

the premises covered thereby . . .. The said sale shall be at public auction. A notice thereof shall be published in some newspaper published in Franklin in the said county of Norfolk, once a week for three successive weeks, the first publication to be not less than twenty-one days prior to the sale. The said premises shall be conveyed free of incumbrances excepting municipal liens if any. The special master shall apply the proceeds of the sale as follows: first: to pay the expenses of the sale, including his compensation as special master; second: to pay to the plaintiff the monies due him as set forth in paragraph numbered 2 hereof; third: to pay over the surplus, if any, to defendant Camp Hayastian, Inc. 4. No person within the meaning of the soldiers' and sailors' civil relief act of 1940, as amended, has any interest in the premises covered by said mortgage."

In this court the case was submitted on briefs.

*H. L. Metcalfe,* for the defendants.

*R. P. Boruchoff,* for the plaintiff.

WILLIAMS, J. This is a bill in equity originally brought by Samuel Zeichick and now prosecuted by the administrator of his estate, Raphael P. Boruchoff, to foreclose a coöperative bank real estate mortgage. The principal defendant is Camp Hayastian, Inc., a corporation, which is the present owner of the equity in the land. Joined as defendants are former owners of the equitable title, United Workers Association of Massachusetts, Inc., a corporation, and Mihran H. Ayvasian. After pleas in abatement filed by Ayvasian and Camp Hayastian, Inc., and a demurrer filed by Ayvasian had been overruled, the case was referred to a master, from whose findings and from admissions in the pleadings the following facts are established.

On August 8, 1924, George O. Gaudette and Marie L. Gaudette, having borrowed $3,000 from Dean Co-operative Bank, gave to the bank a mortgage in coöperative bank form, G. L. c. 183, §§ 22, 23, 24, as amended, of certain registered land in Franklin. The mortgage deed recited a "grant . . . with mortgage covenants to secure the payment of Three Thousand (3000) dollars, and interest and fines as provided in a note of even date, the land in said

Franklin . . . . We hereby transfer and pledge to the said mortgagee 15 shares in the 72nd series of its capital stock as collateral security for the performance of the conditions of this mortgage, and the said note upon which shares said sum of Three Thousand (3000) dollars has been advanced to us by the mortgagee. The monthly payments under this mortgage are Thirty and 00/100 dollars. In the event of an assignment of this mortgage, interest on the unpaid balance of the principal shall be at the rate of six per cent. per annum. This mortgage is upon the Statutory Co-operative Bank Mortgage Condition, for any breach of which the mortgagee shall have the Statutory Co-operative Bank Power of Sale."

The accompanying note provided for the payment of monthly dues of $15 and monthly interest of $15. On its back appear two credit notations of amounts received on account of principal and a statement of the balance remaining due.

On May 12, 1927, the land was conveyed subject to the mortgage to the defendant United Workers Association of Massachusetts, Inc., and simultaneously a second mortgage was given (presumably by the grantee) for $3,554.10 to Elizabeth S. Metcalfe. The corporation being in arrears on its payments to the bank, the latter in November, 1936, advertised a foreclosure sale. On November 27 the bank declared the fifteen shares pledged by the borrowers forfeited, G. L. c. 170, § 32, [1] and applied their withdrawal value to the loan. A balance of $530 thereafter remained due. Zeichick was an officer of, and a contributor to, the corporation, which conducted a nonprofit summer camp for working people. To prevent the threatened foreclosure sale, he endeavored to have the Hub Finance Company pay to the bank the aforesaid balance of $530. Unable to effect this, he paid to the bank personally $530 and, apparently expecting the finance company to reimburse him, accepted from the treasurer of the bank an assignment to the Hub Finance Company of "the mortgage and the note and the

---

[1] See now G. L. (Ter. Ed.) c. 170, § 36, as appearing in St. 1933, c. 144.

claim secured thereby." The assignment contained the following reservation, "Said assignment being without any warranty or covenant, express or implied, and without recourse to the Dean Co-operative Bank or its officers, servants, agents or attorneys in any event whatever." The original note was delivered to Zeichick but was not indorsed by the bank. The Hub Finance Company never paid to Zeichick the $530 expended by him and in 1941 he filed a bill in equity in the Superior Court to establish his equitable title to the coöperative bank mortgage, joining the finance company and the bank as defendants. The bank permitted itself to be defaulted and, without objection on the part of the finance company, a final decree was entered on April 21, 1941, adjudging that the finance company held legal title to the said mortgage and note for the benefit of Zeichick, and ordering the finance company to execute an assignment of the mortgage and note to Zeichick and to deliver the same within thirty days thereafter. The finance company not having complied with the decree, Zeichick filed a copy of the decree in the Norfolk registry district on May 28, 1941.

Meanwhile, on May 10, 1940, Metcalfe, the second mortgagee, had foreclosed her mortgage, had bought in the land at the foreclosure sale and, on August 30, 1940, had conveyed the land to the defendant Ayvasian. On August 19, 1941, Ayvasian conveyed the land to the defendant Camp Hayastian, Inc., which took title with knowledge of the pendency of the present suit. The assignment of the mortgage by the bank to the finance company of November 28, 1936, had been registered by the plaintiff on December 4, 1940. No person within the meaning of the soldiers' and sailors' civil relief act of 1940, as amended, has any interest in the land conveyed by the mortgage.

A final decree was entered on December 9, 1946, authorizing a foreclosure of the mortgage for the benefit of Zeichick by a special master to be appointed by the court, provided the defendants failed to pay the amount then due on the mortgage within thirty days. From this decree the defendants Ayvasian and Camp Hayastian, Inc., have appealed. These defendants have also appealed from the

interlocutory decrees overruling their pleas in abatement and the demurrer filed by Ayvasian.

The defendants contend that the loan to the bank secured by the mortgage has been paid and that the plaintiff has no enforceable right of foreclosure.

While a copy of the mortgage in question appears in the record, there is no copy of the note accompanying the same. We, therefore, assume that the form of the note was in compliance with the provisions of G. L. c. 170.[1] In § 26[2] of c. 170 it is stated, "For every loan made upon real estate a note shall be given, accompanied by a transfer and pledge of the requisite number of shares standing in the name of the borrower, and secured by a mortgage of real estate . . .. The shares so pledged shall be held by the corporation [bank] as collateral security for the performance of the conditions of the note and mortgage. The note and mortgage shall recite the number of shares and the series to which the shares belong and the amount of money advanced thereon, and shall be conditioned upon the payment at or before the stated meetings of the corporation of the monthly dues on said shares, and the interest . . ., upon the loan, with all fines on payments in arrears, until said shares reach their matured value, or said loan is otherwise cancelled and discharged." The master, who presumably had the note before him, has found, as above stated, that the note provided for the payment of monthly dues and interest. Nowhere in the statute is it provided that the note shall contain a promise to pay the amount of the indebtedness secured by the mortgage. The obligation of the note is confined to the payment of dues, interest and such penalties as may be imposed because of arrearages. The mortgage on the other hand by § 22 of c. 183 "shall when duly executed have the force and effect of a mortgage deed to the use of the mortgagee and its successors and assigns, with mortgage covenants and upon the statutory

---

[1] A copy of a note held to be in the usual coöperative bank form is to be found in the record of *Lowell Co-operative Bank* v. *Dafis,* 276 Mass. 3. See *Cosmopolitan Trust Co.* v. *Suffolk Knitting Mills,* 247 Mass. 530, 532.

[2] See now G. L. (Ter. Ed.) c. 170, § 27, as appearing in St. 1933, c. 144, as amended by St. 1945, c. 176, § 1.

co-operative bank mortgage condition and with the statutory co-operative bank power of sale." The mortgage deed to which reference is made, c. 183, § 18, is effective "to secure the payment of the money or the performance of any obligation therein specified." The coöperative bank mortgage therefore, is conditioned on the repayment of the loan with interest as well as on the performance of the peculiar statutory obligations incident to a coöperative bank loan. These statutory conditions, § 23 of c. 183, recite the provisions above quoted from § 26 of c. 170.

The statutory coöperative bank power of sale, G. L. c. 183, § 24, is as follows: ". . . in case of non-payment of the aforesaid monthly dues, interest or fines . . . for more than four months after any payment thereof shall be due, or upon any other default in the performance or observance of the foregoing or other condition, the mortgagee or its successors or assigns may sell the mortgaged premises."

Section 32 of c. 170 provides: "If a borrower is in arrears for dues, interest, . . . or fines for more than four months, or commits any other breach of the conditions of a mortgage, the directors may . . . declare the shares forfeited . . .. The account of such borrower shall then be debited with the arrears . . . and the shares shall be credited upon the loan at their withdrawal value. The balance of the account shall immediately become due and payable, and may, and after six months shall, be enforced against the security, and be recovered, together with interest thereon, as all debts are recovered at law."

After the shares were forfeited by the bank the note of the original borrowers was extinguished so far as any duties of payment in accordance with its terms were concerned. No further obligation remained to pay dues on shares which no longer existed. C. 170, § 13.[1] By virtue of § 32, on forfeiture of the shares it became the obligation of the debtors to pay forthwith the balance remaining due on the loan. The promise in the note to pay interest in instalments (until the shares reached their matured value,

---

[1] See now G. L. (Ter. Ed.) c. 170, § 13, as appearing in St. 1933, c. 144, as amended by St. 1947, c. 88, § 3.

c. 170, § 24 [1]) was superseded by this imposed statutory obligation. § 32. The bank continued in possession of a mortgage to secure its loan and a right of action to enforce the collection of such loan with interest from the time of forfeiture "as all debts are recovered at law." The distinction between debt and note is recognized in § 36. [2] When the bank purported to assign its mortgage and note and the claim secured thereby, it passed to the Hub Finance Company title to the mortgage and to the claim which it had against the original borrowers for the balance of the loan. As above stated the note had been extinguished.

We perceive no reason why this claim and mortgage were not assignable. No payment of the loan had been made by the Gaudettes or by United Workers Association of Massachusetts, Inc., presumably the transferee of the bank shares. The statutory coöperative bank conditions of the mortgage pertaining to payments on the shares had been annulled by the forfeiture of the shares. It had become substantially a mortgage in common form to secure payment of the balance of the loan. The bank received by way of consideration for its assignment the amount of this balance. It was for the interest of its shareholders to obtain payment in this manner and thus avoid the uncertainties and expenses of a foreclosure and possible action at law.

General Laws (Ter. Ed.) c. 170, § 9, as appearing in St. 1933, c. 144, provides that "The treasurer shall . . . dispose of and secure the safe-keeping of all money, securities and property of the corporation, in the manner designated by the by-laws." The by-laws do not appear in the record. By this statute the care of the bank's property was given to the treasurer; but merely by virtue of his office he had no implied power to transfer to a purchaser the claim and mortgage which we have under consideration. *Bradlee* v. *Warren Five Cents Savings Bank,* 127 Mass. 107, 109. *Holden* v. *Upton,* 134 Mass. 177, 179. "There is no reason

---

[1] See now G. L. (Ter. Ed.) c. 170, § 30, as appearing in St. 1933, c. 144.
[2] See now G. L. (Ter. Ed.) c. 170, § 38, as appearing in St. 1933, c. 144. See also 2 Op. Atty. Gen. 286.

why the power of the treasurer of a co-operative bank should be greater than that of a treasurer of a savings bank." *Jewett* v. *West Somerville Co-operative Bank,* 173 Mass. 54, 57. However, the bank has received, accepted and retained a payment in money amounting to the full value of the property transferred. In 1941 when served with process in the equity suit brought by Zeichick against it and Hub Finance Company to determine title to the mortgage, it failed to appear and allowed itself to be defaulted. It is to be concluded that with knowledge of the transaction it intended to ratify the assignment of its property by the treasurer, if in fact it had originally not been authorized. *North Brookfield Savings Bank* v. *Flanders,* 161 Mass. 335. *Franklin Savings Bank* v. *Cochrane,* 182 Mass. 586, 588. *New England Mutual Life Ins. Co.* v. *Wing,* 191 Mass. 192, 194. The Hub Finance Company therefore received title to the bank's claim against the original borrowers and to the mortgage security, but in trust for Zeichick who had advanced the money for the assignment.

By the decree in the Zeichick's previous suit, the finance company was ordered to assign to him the mortgage and note "in the form hereto annexed." In the annexed form to which reference was made the language employed was "assigns said mortgage and the note and claim secured thereby." It seems clear, therefore, that, although the claim was not specifically mentioned in the decree itself, the court intended to order the assignment of the entire obligation for which the mortgage was given as security and of which the legal title was held by the finance company in trust for Zeichick. Such intention should be given effect. A "decree itself is to be construed reasonably with reference to the pleadings, the facts proved and the grievance to be remedied." *Billerica* v. *Quinn,* 320 Mass. 687, 690. *Attorney General* v. *New York, New Haven & Hartford Railroad,* 201 Mass. 370, 372. *Yankee Network, Inc.* v. *Gibbs,* 295 Mass. 56, 61. We construe the decree as ordering the finance company to assign to Zeichick the claim and mortgage.

By virtue of G. L. (Ter. Ed.) c. 183, §§ 43 and 44, as

amended, after registration of the decree in the registry district, legal title to the mortgage, being an interest in land, vested in Zeichick. *Hermanson* v. *Seppala*, 255 Mass. 607, 610. The statute, however, had no effect on the legal title to the claim which remained in the finance company with an equitable right in Zeichick to have it assigned to him. Ordinarily, where a mortgage and the obligation secured thereby are held by different persons, the mortgage is regarded as an incident to the obligation and, therefore, held in trust for the benefit of the owner of the obligation. *Sturtevant* v. *Jaques*, 14 Allen, 523. *Crowley* v. *Adams*, 226 Mass. 582. *Perry* v. *Oliver*, 317 Mass. 538, 541. Here, however, by reason of the decree, the situation is different. The finance company holds legal title to the claim for the benefit of the equitable owner who has legal title to the mortgage. The finance company holds a bare legal title. It ought to have assigned the claim to Zeichick, and as between it and Zeichick equity will treat the claim as if in fact it had been assigned. *Pilok* v. *Bednarski*, 230 Mass. 56. *Lonergan* v. *Highland Trust Co.* 287 Mass. 550. *Baseball Publishing Co.* v. *Bruton*, 302 Mass. 54, 58. *Parkway, Inc.* v. *United States Fire Ins. Co.* 317 Mass. 428. *Mutual Life Ins. Co.* v. *Corodemos*, 7 Fed. Sup. 349, 351. See also *Felch* v. *Hooper*, 119 Mass. 52; *Gaylord* v. *Pelland*, 169 Mass. 356. The plaintiff has a right to have this mortgage foreclosed. The Gaudettes and the Hub Finance Company have not been joined as parties in this suit, but if so joined they would be in no position to object to a foreclosure. Clearly the Hub Finance Company has no interest to be protected. As to the mortgagors, they no longer own the equitable title in the mortgaged land.

The appeals of the defendants Ayvasian and Camp Hayastian, Inc., from interlocutory decrees overruling the demurrer of Ayvasian and the pleas in abatement of both defendants have not been argued and are treated as waived. *Boston* v. *Dolan*, 298 Mass. 346, 355, 356.

A demurrer of Camp Hayastian, Inc., filed with its plea in abatement, and identical in language with the demurrer of Ayvasian, remains without a ruling by the judge. The

demurring party has proceeded, apparently without objection, to a hearing on the merits before a master. It has not been the subject of argument before us. We consider it as waived. *Driscoll* v. *Smith,* 184 Mass. 221, 223. *Attorney General* v. *Onset Bay Grove Association,* 221 Mass. 342, 346. *Fairbanks* v. *Newhall,* 222 Mass. 598.

In the final decree the word "claim" is substituted for the word "note" wherever the latter word appears. The second paragraph of the final decree is amended by substituting for the word "defendants" the words "defendant Camp Hayastian, Inc." In this paragraph necessary changes should be made as to the time in which that defendant may make payment to the plaintiff. The third paragraph is amended by omitting the words "to exercise the power of sale contained in the said mortgage" and by providing that upon confirmation of the sale by the court the plaintiff and the defendant Camp Hayastian, Inc., shall within thirty days thereafter execute and deliver to the purchaser or purchasers at the sale proper instruments conveying all their title, right and interest in the premises. *Russell* v. *Burke,* 180 Mass. 543. As so modified the final decree is affirmed with costs.

*So ordered.*