KATHERINE A. BREWER *vs.* THOMAS A. BREWER.

Essex.    March 4, 1952. — July 7, 1952.

Present: LUMMUS, RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Husband and Wife,* Living apart, Nonsupport. *Probate Court,* Appeal,
Report of material facts. *Words,* "Actually living apart."

An adjudication that husband and wife were "actually living apart"
within G. L. (Ter. Ed.) c. 209, § 32, as amended, was error where they
with their children were occupying the same dwelling house, although
for five years the husband had been sleeping upstairs and the wife on
the first floor.

On appeal from a decree in a proceeding under G. L. (Ter. Ed.) c. 209,
§ 32, as amended, apparently inconsistent findings reported by the
judge of probate on the issue of the husband's failure to support were
insufficient to enable this court to adjudicate the correctness of the
decree, and the case was retained and the judge directed to make a
further report of findings on that issue, taking further evidence if
necessary, pursuant to G. L. (Ter. Ed.) c. 231, § 125A, inserted by
St. 1949, c. 171, § 1.

PETITION, filed in the Probate Court for the county of
Essex on September 6, 1951.

The respondent appealed from a decree entered after hear-
ing by *Costello, J.*

*Henry F. Marks,* for the respondent.

*William E. Sisk, Richard L. Sisk,* & *Medley T. Holdsworth,*
for the petitioner, submitted a brief.

WILLIAMS, J.   This is a petition for support under G. L.
(Ter. Ed.) c. 209, § 32, as amended, wherein it is alleged in
the petition as amended that the petitioner is living apart
from her husband for justifiable cause; that she is without
"means or income"; that she has no relatives or friends
"where she could go with her children to live"; that her
husband, the respondent, has refused to provide her and her
children with clothing, medicine, church money, and other
incidentals for the home; that he has struck, abused, and

Brewer v. Brewer.

threatened her during the past years; that he refuses to talk to her "except to use vile and indecent language to her before the children"; that she has had "no marriage relations with him for over three years and they occupy separate rooms"; and that there have been born to them the following children: Thomas A. Brewer, Junior, born March 17, 1935, William A. Brewer, born June 8, 1937, and Katherine A. Brewer, born September 14, 1940.

The judge made the following findings of material facts: "The petitioner and the respondent were married in 1934. They presently occupy an eight room cottage, together with their three children who are aged sixteen, fourteen, and eleven respectively. The husband sleeps in an upstairs room and the wife sleeps on the first floor. This situation has prevailed for five years preceding the filing of this petition. During the four years immediately preceding the filing of this petition the husband has, on at least three occasions, assaulted the wife and during that period the wife has been treated by a physician for a nervous condition, which I find resulted from the conduct of the respondent. During the past four years or more, and continuing up to the hearing on this petition, in the presence of his children the husband has repeatedly called his wife vile and filthy names. On many occasions the husband has refused to purchase shoes and clothing for the children, and the petitioner has borrowed money in order to purchase the children's clothing. For a long period of time the husband has refused to give any money to his wife, but has seen to the purchase of the necessities in the nature of food and clothing for the children. The husband receives for wages $140 on the first and on the fifteenth of the month. His net semimonthly wages amount to $134.16. In addition he receives a bonus which amounts to $100 or more annually. In addition to buying food for the family and clothing, he has furnished the heat and paid the insurance, taxes, repairs, and mortgage installments on the real estate occupied by the parties." A decree was entered adjudging that the petitioner "for justifiable cause is actually living apart from her said husband";

awarding the care and custody of the children to the petitioner; providing that the respondent be "prohibited from imposing any restraint on the personal liberty of said petitioner, and [ordering] that he pay to said petitioner for the support of said minor children the sum of $30 on each and every week." From this decree the respondent appealed.

Section 32 provides that "If a husband fails, without justifiable cause, to provide suitable support for his wife, or deserts her, or if the wife, for justifiable cause, is actually living apart from her husband," the Probate Court may make orders relative to the support of the wife and the care, custody, and maintenance of minor children.

It was error to adjudicate in the decree that the petitioner was actually living apart from the respondent for justifiable cause. That conclusion cannot be justified from the finding that for five years the husband has slept in an upstairs room of the eight room cottage which the parties occupy and that the wife has slept on the first floor. The phrase in the statute, "actually living apart," imports a greater physical separation in the course of living than is implied simply from the occupancy for sleeping purposes of rooms on different floors of the same house. See *Smith* v. *Smith*, 154 Mass. 262; *Marshall* v. *Marshall*, 236 Mass. 248. In *Bucknam* v. *Bucknam*, 176 Mass. 229, where the parties occupied separate rooms, did not eat together, and had no conversation except such as was "absolutely necessary," and the wife did the cooking for both, an order for support was made, not because the parties were living apart but on the ground that, although living together, the husband had failed to support his wife. We think that the allegations of the petition in the instant case are sufficient to present the question whether the respondent has unreasonably failed to support his wife and children, although he and his wife are not living apart. The judge has made findings of fact on this issue and has ordered support for the children. The decree as a whole ought not to be reversed if it can be supported by the judge's findings relating to support. We have difficulty, however, in reconciling the different findings

as to this matter. It is found that the husband has refused to purchase shoes and clothing for the children; that the wife has borrowed money to purchase the children's clothing; and that for a long period of time the husband has refused to give any money to his wife. It is also found that the husband has "seen to the purchase of the necessities" in the nature of food and clothing for the children; and that, in addition to buying food for the "family" and clothing, he has furnished the heat and paid the insurance, taxes, repairs, and mortgage instalments on the real estate occupied by the parties.

These findings are not sufficient to enable us to adjudicate the correctness of the decree. We, therefore, retain the case and direct the judge to make a further report of facts covering the issue of the respondent's failure to furnish suitable support for his family, taking further evidence if he finds it necessary. See G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, § 1; *Murphy* v. *Killmurray*, 324 Mass. 707, 710.

*So ordered.*