H. B. BUDDING COMPANY *vs.* EDWARD L. BODDIE & others.

Suffolk. February 3, 1954. — April 1, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Mortgage,* Of real estate: foreclosure, coöperative bank mortgage, assignment. *Equity Jurisdiction,* Foreclosure of mortgage. *Soldiers' and Sailors' Civil Relief Act. Coöperative Bank. Equity Pleading and Practice,* Report of material facts.

The bill in a suit in equity brought to obtain authority, as required by the Federal soldiers' and sailors' civil relief act of 1940, to foreclose a mortgage with power of sale on certain real estate given to a coöperative bank and assigned by it to the plaintiff contained sufficient allegations of fact to justify granting the plaintiff authority to foreclose. [269]

On an appeal from the final decree in a suit in equity involving the issue of the validity of an assignment to the plaintiff by a coöperative bank of a power of sale mortgage of real estate given to it, facts reported by the trial judge, without a report of the evidence, were insufficient to enable this court to adjudicate the correctness of the decree, which authorized the plaintiff to foreclose the mortgage, and the case was retained and the judge directed to make a further report of facts on such issue, taking further evidence if necessary, pursuant to G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, § 1. [269–270]

BILL IN EQUITY, filed in the Superior Court on February 20, 1953.

The suit was heard by *Morton*, J.

*Benjamin T. Johnson*, for the defendant Edward L. Boddie.

*Malcolm C. Banks*, for the plaintiff, submitted a brief.

WILLIAMS, J. This is a suit in equity to obtain authority to foreclose by entry and sale a mortgage of real estate as required by the soldiers' and sailors' civil relief act of 1940. U. S. C. (1946 ed.) Title 50, Appendix, § 532. See *Lynn Institution for Savings* v. *Taff*, 314 Mass. 380. It is alleged in the bill that the plaintiff is the holder, by an assignment to it by the Workingmen's Co-operative Bank dated January 30, 1953, of a mortgage with power of sale on 81 West Rutland Square, Boston, given by one Virginia L. Boddie to the bank on March 14, 1930. It is stated, concerning the defendants, that Edward L. Boddie is the owner of the equity in the mortgaged premises by devise from Virginia L. Boddie deceased; that Olivia Boddie is his wife; that Wesley Jackson is a legatee under the will of Virginia L. Boddie; that Leo Berman is the assignee of a mortgage on the premises subsequent to the one in issue; and that David Rosenthal is the named vendor in a recorded notice of conditional sale to Virginia L. Boddie; the whereabouts of Berman and Rosenthal being unknown. It is further alleged that these defendants are the only persons who as of record are interested in the mortgaged property and that the plaintiff desires to foreclose its mortgage for breach of its conditions. Edward and Olivia Boddie and Jackson appeared and answered. They also demurred to the bill on the ground that it set forth no right to relief in equity. The demurrer was overruled by interlocutory decree and the "defendant" appealed.

There is no report of the evidence. In a report of material facts the judge of the Superior Court found that the mortgage in question was given to the bank by one Boddie on March 14, 1930, and assigned by the bank to the plaintiff on January 30, 1953; that Edward L. Boddie is the owner

of the equity of redemption; and that the required affidavits that the defendants are not in military service have been filed. He ruled that the assignment was valid by reason of G. L. (Ter. Ed.) c. 170, § 27, as appearing in St. 1950, c. 371, § 1, which provides with certain qualifications that a coöperative bank may assign "its loans, investments or other assets," and entered a final decree authorizing foreclosure of the mortgage by the plaintiff by exercise of the power of sale. The "defendant" appealed. We assume that the defendant to whom reference is made in both appeals is Edward L. Boddie as the designation on appeal is made on his behalf.

The demurrer was rightly overruled. The bill contains sufficient allegations of fact to justify the granting of the desired authority to foreclose. No question is raised respecting the notice given according to St. 1943, c. 57, and St. 1945, c. 120.

By his appeal from the final decree the defendant raises the issue of the validity of the assignment by the bank to the plaintiff. It was held in *Boruchoff* v. *Ayvasian,* 323 Mass. 1, 8, that a coöperative bank mortgage, as defined in G. L. (Ter. Ed.) c. 183, § 22, and shown in form 6 in the appendix of that chapter, after default and the forfeiture of the bank shares became substantially a mortgage in common form and was assignable. The present record contains no information concerning the terms of the mortgage which was assigned. If we assume that it was in the usual coöperative bank form, we have no findings of the conditions under which it was assigned or of the terms of the assignment. The judge appears to have based his decree on his ruling that G. L. (Ter. Ed.) c. 170, § 27, conferred authority on the bank to make the assignment. An examination of that section with its qualifying provisions creates a doubt whether on the meager facts reported he was correct in his ruling. Without pausing to consider that question, the determination of which may not be required, we think it necessary that findings be made as to the terms of the mortgage and the assignment and the cir-

cumstances attending the transaction between the bank and the plaintiff. We therefore retain the case and direct the judge to make a further report of facts concerning the terms of the mortgage and assignment, the default if any by the mortgagor, and the acts of the mortgagee in connection with forfeiture of the bank shares, taking further evidence if he finds it necessary. See G. L. (Ter. Ed.) c. 231, § 125A, inserted by St. 1949, c. 171, § 1; *Murphy* v. *Killmurray,* 324 Mass. 707, 710; *Brewer* v. *Brewer,* 329 Mass. 205, 208.

*So ordered.*