H. B. Budding Company *vs.* Edward L. Boddie & others.

Suffolk. February 3, 1954. — January 3, 1955.

Present: Qua, C.J., Lummus, Ronan, Wilkins, & Williams, JJ.

*Mortgage,* Of real estate: assignment, coöperative bank mortgage.

Reported facts in a suit in equity showing merely that at the time of an assignment of a statutory coöperative bank mortgage by the bank the mortgagor was in arrears and that a certain balance was due on the mortgage after crediting the value of the shares, which had been "cancelled or destroyed" "as part of the transaction," left it doubtful whether there had been compliance with the requirements of G. L. c. 170, § 32, respecting forfeiture of the shares, and the case was retained and the judge directed to make a further report of facts as to forfeiture.

Bill in equity, filed in the Superior Court on February 20, 1953.

Following the decision reported in 331 Mass. 267, a further report of material facts was made by *Morton,* J.

*Benjamin T. Johnson,* for the defendant Edward L. Boddie.

*Malcolm C. Banks,* for the plaintiff, submitted a brief.

Williams, J. We retained this case when previously before us (*H. B. Budding Co.* v. *Boddie,* 331 Mass. 267), and directed the judge of the Superior Court to make a further report "concerning the terms of the mortgage and assign-

ment, the default if any by the mortgagor, and the acts of the mortgagee in connection with forfeiture of the bank shares." The judge now reports that the mortgage contained the statutory coöperative bank mortgage condition (see G. L. c. 183, §§ 22, 23, and Appendix, form [6]), and a provision that, on assignment of the mortgage, interest on the unpaid balance of principal was to be at the rate of 6%. The assignment was in ordinary form and was "duly executed by the treasurer of the bank." At the time of the assignment the mortgagor was in arrears and there was due on the mortgage, after deducting the value of the bank shares, the sum of $2,182.79. "This was the amount paid for the mortgage by the assignee. As part of the transaction, the shares were cancelled or destroyed."

In order to make a valid assignment of the mortgage it was necessary that the bank comply with the provisions of § 32 of G. L. c. 170, which was in effect when the mortgage was given and from which the bank derived its authority to realize on the mortgage security. See *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 7. That section read, "If a borrower is in arrears for dues, interest, premium or fines for more than four months, or commits any other breach of the conditions of a mortgage, the directors [of the bank] may, after twenty-one days' notice, mailed to the last known address of the borrower, declare the shares forfeited if the arrears then remain unpaid or such breach continues. The account of such borrower shall then be debited with the arrears of interest, premium and fines to the date of forfeiture, and the shares shall be credited upon the loan at their withdrawal value. The balance of the account shall immediately become due and payable, and may, and after six months shall, be enforced against the security, and be recovered, together with interest thereon, as all debts are recovered at law."

We held in *Boruchoff* v. *Ayvasian*, 323 Mass. 1, 8, that a coöperative bank mortgage could be assigned after the shares had been forfeited and the mortgage had become substantially a mortgage in common form.

It is doubtful, from the findings, whether the provisions of the statute as to forfeiture of the shares had been complied with prior to the assignment. We therefore continue to retain the case and direct the judge to make a further report concerning "the acts of the mortgagee in connection with [the] forfeiture of the bank shares."

*So ordered.*