H. B. BUDDING COMPANY *vs.* EDWARD L. BODDIE & others.

Suffolk.    February 3, 1954. — March 14, 1955.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Coöperative Bank. Mortgage*, Of real estate: coöperative bank mortgage, assignment, foreclosure. *Notice. Assignment.*

A suit in equity for authority to foreclose a statutory coöperative bank mortgage of real estate assigned by the bank to the plaintiff must be dismissed where it appeared that before the assignment the bank had purported to forfeit the shares it held as collateral security but

had failed to give the notice required by G. L. c. 170, § 32; there was not a valid forfeiture of the shares and neither the bank nor its assignee, the plaintiff, acquired a right to foreclose the mortgage.

BILL IN EQUITY, filed in the Superior Court on February 20, 1953.

Following the decision reported *ante,* 141, a further report of material facts was made by *Morton, J.*

*Benjamin T. Johnson,* for the defendant Edward L. Boddie.

*Malcolm C. Banks,* for the plaintiff, submitted a brief.

WILLIAMS, J.   There was a partial discussion of the issues involved in this case when it was previously before us. See 331 Mass. 267 and *ante,* 141.   In each instance the case was retained to obtain further findings of fact by the trial judge.   He now reports that before the mortgage in question was assigned to the plaintiff the bank forfeited the shares which it held as collateral security for the loan to the mortgagor without giving the notice required by G. L. c. 170, § 32.   The rights and obligations of the parties to the mortgage were governed by that statute (see *ante,* 141) and without such notice the forfeiture was invalid.   As the balance of the mortgagor's account could be enforced against the mortgage security only after a legal forfeiture of the shares, the bank never acquired a right to foreclose the mortgage.   The rights of the plaintiff assignee against the holder of the equity are no greater than those of its assignor.   It was therefore error to grant the plaintiff authority to foreclose.   The decree must be reversed and a decree entered dismissing the plaintiff's bill with costs of the appeal.

*So ordered.*