WILLIAM A. BISCEGLIA, JR. *vs.* BERNADINE SISTERS OF THE THIRD OR-DER OF ST. FRANCIS OF MASSACHUSETTS, INC. No. 89-P-494. October 4, 1990. *Contract*, Sale of real estate. *Real Property*, Purchase and sale agreement. *Charity. Corporation*, Religious, Officers and agents, Sale of assets.

Three years and seven months after the stipulated closing date for the conveyance of title to Massachusetts real estate under a purchase and sale agreement which recited that time was of the essence, the plaintiff brought suit for specific performance of the defendant-seller's obligations. At the ensuing bench trial, the judge accepted the stipulation of the parties that

---

[4] The sellers do not question the judge's award of multiple damages.

the only issue before the court was the authority of the person who signed the agreement for the seller. We will review the proceedings below on that basis.

The judge made findings of fact, which we must accept unless clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). *Fox Tree* v. *Harte-Hanks Communications, Inc.*, 398 Mass. 845, 847 (1986). He concluded that the signatory to the agreement for the seller, Sister M. Bogumilla, had no express or apparent authority to bind the defendant. The judge was correct, and we affirm the judgment dismissing the complaint.

The facts found by the judge, which we amplify by undisputed testimony where appropriate, were essentially these. The defendant, a Massachusetts corporation organized under G. L. c. 180, owned two contiguous parcels of land (the "locus") in the Hyde Park section of Boston which were in the vicinity of other property the defendant devoted to its operation of the Kennedy Memorial School. The plaintiff made a written offer to purchase the locus, accompanied by a check for $1,000. The offer was accepted, and a purchase and sale agreement was prepared by a broker and presented to the parties for execution.

The agreement recites that the seller is "The Bernadine Sisters 3rd Order of St. Francis of Mass. Inc.,"[1] and is signed, "Sister M. Bogumilla" with no reference to any representative or official capacity. In fact Sister Bogumilla was the treasurer and a member of the board of directors of the defendant. The judge found, on undisputed testimony, that there was no authorizing vote of the board of directors. Under the constitution of this corporation, dedicated to religious purposes, the alienation of any of its property is regarded as an extraordinary event requiring numerous approvals, beginning with the corporation's board of directors and including, finally, the approval of the Holy See.[2] These were matters about which the purchaser was bound to inquire, see *Boston Athletic Assn.* v. *International Marathons, Inc.*, 392 Mass. 356, 367 (1984); instead the purchaser made inquiry only of the broker and accepted his assurance of authority. Customary evidence of authority to act on behalf of a corporation, such as a clerk's certificate of vote, see *Widett* v. *Pilgrim Trust Co.*, 336 Mass. 738, 742 (1958), was never sought, and had the plaintiff done so, he would have found, as the judge found, that no other officer or director of the corporation was even aware of the transaction. The judge was correct in concluding that Sister Bogumilla had not been granted authority to sign the agreement.

Sister Bogumilla was not authorized to sign the agreement by virtue of her office as treasurer. The power of an officer of a charitable corporation

---

[1] The correct name of the defendant is "The Bernadine Sisters of the Third Order of St. Francis of Massachusetts, Inc.," and the complaint recites that name.

[2] We express no opinion as to the validity of the requirement of approvals external to the corporation.

to bind the corporation is narrowly construed in Massachusetts, see *Boston Athletic Assn.*, *supra* at 366, and it most certainly does not extend to agreements to dispose of real estate owned by the corporation, whose principal activity was the pursuit of its religious purposes. See *Peoples Nations Bank* v. *New England Home for Deaf Mutes, Aged, Blind & Infirm*, 209 Mass. 48 (1911) (promissory note signed by president and treasurer of charitable corporation did not bind corporation).

The judge also ruled, correctly in our judgment, that Sister Bogumilla had no apparent authority to bind the corporation. Where the sale of corporate real estate is "outside the scope of . . . [the corporation's] usual activity," the doctrine of apparent authority does not apply. *Kanavos* v. *Hancock Bank & Trust Co.*, 14 Mass. App. Ct. 326, 333 (1982), cited with approval in *Boston Athletic Assn.*, *supra* at 367. The constitution of this corporation recites the "nature and end of the congregation" to be "the perfection of the love of God and man," and that the congregation is to minister "to the needs of contemporary society in domestic and foreign missions through Christian education, health care services, spiritual and corporal works of mercy." These purposes and activities are obviously unrelated to the sale of real estate.

We find no authority to support the plaintiff's claim that both the broker and the attorney for the defendant were authorized agents of the corporation somehow capable of empowering Sister Bogumilla to sign the agreement. So too, there is no basis for the claim that a purchase and sale agreement which is not acknowledged, see G. L. c. 184, § 17A, and is signed only by the treasurer and not by the president or vice president as well, somehow complies with G. L. c. 156B, § 115.[3]

*Judgment affirmed.*

*Robert R. Berluti* for the plaintiff.
*Michael J. Fazio, Jr.*, for the defendant.


---

[3]G. L. c. 156B, § 115 (which describes the circumstances under which a recordable instrument, when executed by certain corporate officers, is binding on the corporation), is applicable to charitable corporations. See G. L. c. 180, § 10A, as in effect prior to St. 1989, c. 644, § 9.